ANTON A. STEIGER ET AL. (PLAINTIFFS), RESPONDENTS, v. THE CITY OF STE. GENEVIEVE (DEFENDANT), APPELLANT.—141 S. W. (2d) 233.

St. Louis Court of Appeals. Opinion filed June 4, 1940.

Motion for rehearing overruled June 29, 1940.

Writ of Certiorari denied September 3, 1940.

*Rozier & Houser* for respondents.

*Smith & Roberts* and *Harry J. Petrequin* for appellant.

BENNICK, C.—This is a proceeding in which thirty-eight residents of territory which defendant, The City of Ste. Genevieve, has attempted to bring within its corporate limits, sue to have the annexing ordinances declared null and void, and to have defendant and its officers perpetually restrained and enjoined from levying and assessing municipal taxes against the land or residents within the territory purportedly annexed; from collecting, or attempting to collect, license fees, duties, or charges; and from exercising any municipal authority or function over said territory or over any of the residents thereof.

From a decree declaring the ordinances in question to be invalid, null, and void, and perpetually enjoining defendant and its officers as prayed in plaintiffs' petition, defendant has in due course perfected its appeal to this court.

The proceedings for the annexation of the territory in which plaintiffs reside were initiated at a regular meeting of the board of aldermen of defendant city on March 2, 1936, when, according to the journal entry which was made by the clerk at the time, Ordinance No. 1202, concerning and extending the corporate limits of the city, calling an election for that purpose, etc., was read three times "and unanimously adopted."

While the journal entry recited that when the meeting was called to order by the mayor, there were present six aldermen, namely, Wehmeyer, Rehm, Bauman, Karl, Kunkel, and McNeece, it did not

recite whether all of said aldermen had remained at the meeting and had voted for the passage of the ordinance, nor, as will be observed, did it affirmatively show a compliance with the requirements of section 7016, Revised Statutes Missouri 1929 (Mo. Stat. Ann., sec. 7016, p. 5743), which provides, as applicable to cities of the fourth class to which defendant city concededly belongs, that no bill shall become an ordinance unless on its final passage a majority of the members elected to the board of aldermen shall vote for it, ''and the ayes and nays be entered on the journal.''

Incidentally, as will presently appear, it is the failure of this and a succeeding journal entry to have shown the ayes and nays of the votes taken of the aldermen upon the passage of the annexing ordinances which forms the basis of plaintiffs' contention that the ordinances purportedly enacted on these occasions were in fact null and void and of no legal effect.

Thereafter, on April 7, 1936, at the regular city election held on that date, the proposition to extend the city limits, as submitted pursuant to Ordinance No. 1202, was carried by a vote of 210 for, and 110 against.

After a canvass of the votes, the board of aldermen, at its regular meeting on May 4, 1936, purported to enact Ordinance No. 1205, declaring that as the result of the election, the corporate limits of the city thenceforth included the territory described in Ordinance No. 1202.

The journal entry which was made up by the clerk on that occasion recited that the meeting was called to order by the mayor, with aldermen Rehm, Uding, Karl, Bauman, McNeece, and Okenfuss present, and that after the ordinance had been read three times, it ''was unanimously adopted'' and ordered filed.

Seemingly, Uding and Okenfuss had meanwhile replaced Wehmeyer and Kunkel on the board of aldermen as the result of the election of April 7, 1936.

Again it will be noted that the journal entry failed to recite whether all of the six aldermen present at the beginning of the meeting had remained and voted for the passage of Ordinance No. 1205, and again it failed to show the ayes and nays on the vote as required by section 7016, *supra,* in designating the conditions precedent upon which a bill may become an ordinance.

Following the attempted annexation, defendant city admittedly assumed municipal authority and control over the territory so included within its extended limits, and on July 29, 1937, almost sixteen months after the election which had been held upon the proposition, plaintiffs instituted this suit attacking the legality of the proceedings had by the city by which the annexation of their territory had been accomplished.

In their petition, plaintiffs alleged that the annexing ordinances

were not only null and void for want of entries in the journal of the ayes and nays of the votes by which they had purportedly been adopted, but also that quite aside from any question of irregularity in their attempted enactment, they were in any event unreasonable and arbitrary in that the territory included in the scheme of annexation was not needed for any proper municipal purposes of defendant city; that such territory, which was used chiefly for agricultural and horticultural purposes, was not adapted to municipal purposes; and that such territory and its inhabitants, if included within the corporate limits of defendant city and brought under its authority, would not derive any special benefits on account of the annexation to compensate for the additional burdens and liabilities imposed.

Thus apprised of plaintiffs' reliance upon the jurisdictional fact that the ayes and nays had not been entered in the journal as required by section 7016, *supra,* the board of aldermen, on October 18, 1937, at a special session called for that purpose, undertook to correct and amend such journal entries *nunc pro tunc* so as to show the votes by ayes and nays in each instance.

Almost twenty months had elapsed since the time of the regular meeting at which the scheme of annexation had been proposed and an election called for that purpose, and meanwhile there had been not only the two changes in the personnel of the aldermen already mentioned, but also a third change, one Beckerman having at some time during that period replaced McNeece upon the board. Thus of the aldermen who had been members of the board on March 2, 1936, at the time of the purported enactment of Ordinance No. 1202, only three remained at the time of the special meeting at which the correction *nunc pro tunc* was attempted, while of the six who had been on the board on May 4, 1936, at the time of the purported enactment of Ordinance No. 1205, only five remained at the time of the calling of the special meeting.

By resolution adopted at such special meeting, it was recited that the clerk, in writing up the minutes of the two regular meetings in question, had, by inadvertence, omitted to record the full record of said meetings, and then, upon the basis (we would assume) of the recollection of those of its members who had served upon the board at the times in question, coupled with affidavits which had been secured from Kunkel, Wehmeyer, and McNeece, the original members who had meanwhile left the board, the board of aldermen found that all members had been present on each occasion and had voted aye, and ordered and directed the clerk, who was himself a new official, to amend the records *nunc pro tunc* so as to show the votes by ayes and nays in compliance with statutory requirements.

In obedience to said direction, and in an attempt to carry it into effect, the clerk thereupon wrote upon the margin opposite the two entries the notation, "Amended Oct. 18, 1937;" and assuming

that by such procedure the journal entries had been corrected and amended so as to have obviated plaintiffs' claim of the invalidity of the annexing ordinances, defendant, on March 22, 1938, five months after the making of the purported amendment *nunc pro tunc,* filed its answer in the case, asserting the legality of the procedure followed in the enactment of the ordinances, as well as the fact that they were reasonable and proper in their purpose.

After a hearing upon the issues joined, the court found that for want of the entry of the ayes and nays in the journal, which omission, in the court's opinion, had not been corrected by the attempted amendment of such entries *nunc pro tunc,* the annexing ordinances were null and void, and upon such basis rendered a decree in plaintiffs' favor, perpetually enjoining defendant and its officers as prayed in plaintiffs' petition. Such finding and result, being determinative of the controversy were taken by the court as eliminating any necessity for the making of a finding upon the question of the reasonableness of the extension of the city's corporate limits, and the court therefore reserved its views upon that feature of the case.

The court's conclusion that the annexing ordinances were null and void, and that the *nunc pro tunc* amendment was ineffective to remedy the defects in their attempted enactment, is the matter assailed by defendant on this appeal.

If the case was to be determined solely upon the basis of what was recorded in the original journal entries, we think there could be no doubt that for want of the entry of the ayes and nays as required by section 7016, *supra,* the annexing ordinances never attained legal *status* and effect. Such a statutory requirement, being specifically designed and intended to afford and enforce publicity as regards the votes of the individual members of a board of aldermen upon a matter coming before them for their official action, is to be strictly observed, and, by reason of its mandatory character, constitutes a condition precedent to the validity of those actions or proceedings of the board which fall within the comprehension of the statute. Consequently it is held that in view of the requirements of section 7016, *supra,* a vote taken by the board is not a vote until the statutory conditions are complied with, which means, as the authorities say, that a bill does not become an ordinance until the ayes and nays of the vote by which it is passed are entered in the journal. [State ex rel. v. Trimble, 309 Mo. 546, 274 S. W. 683; City of New Franklin v. Edwards (Mo. App.), 23 S. W. (2d) 235.]

So the question becomes one of whether the attempted *nunc pro tunc* amendment of the record sufficed to give the particular journal entries the same force and effect as though originally made as amended. If so, then there is no longer a point to be made of the invalidity of the annexing ordinances by reason of any nonobservance of all the conditions precedent to their lawful enactment; but if not, then the

validity of the ordinances is to be determined upon the record as originally made, in which event the ordinances must be held null and void for want of a compliance with the statutory requirement for the entry of the ayes and nays in the journal.

Not only does a board of aldermen or municipal council have the inherent power to amend or correct its records to make them speak the truth (State v. Hackmann, 277 Mo. 56, 209 S. W. 92), but the power is said to be broad in cases where, through inadvertence or misapprehension, a record has been made up defectively so as not to reveal the actual proceedings that were had. However, there are certain considerations and circumstances which must nevertheless serve to limit and qualify the exercise of the power, as, particularly, where vested rights or *bona-fide* claims of third persons have meanwhile intervened, which would be entirely defeated should the amendment be allowed. In such an instance, and especially where litigation has arisen involving rights existing under an amendment subsequently proposed, the amendment may still be made, but it should then be made, not *ex parte* by the board or council, but on proper application to a court of competent jurisdiction, to the end that those parties may be represented and protected whose rights or claims will be affected by it. [McQuillin on Municipal Corporations (2 Ed.), sec. 657.]

We think the case at bar furnishes an apt illustration of the fairness and justice of such doctrine. As the journal entries had been originally made up by the officers of defendant city, the annexing ordinances had not been lawfully enacted; the purported annexation of the territory in which plaintiffs reside was without force and effect; and defendant city, through and by virtue of the course of proceedings it had followed, had acquired no such municipal power and authority over such territory and its inhabitants as it was attempting to exercise through the imposition of license fees and taxes and the like. During the existence of such fatal defects and omissions in the record, and in reliance thereon, plaintiffs went to the trouble and expense of the employment of attorneys and the institution of this suit in which they were entitled to prevail unless the record should be subsequently corrected and amended so as to cure and relieve against the defects and omissions upon which they were relying as the basis of their contention that the purported annexation of their territory was null and void and of no legal effect or consequence. As we have pointed out, it was still possible for the records to be amended and corrected notwithstanding the institution and pendency of plaintiffs' suit, but if so, the correction should have been made on application to and a hearing before the court, absent which, plaintiffs, as innocent parties, were not to be deprived of the benefit of the entries in the record as they originally appeared.

In view of such conclusion, there will be no occasion to consider

the further question of whether the board would in any event have had the power, after the lapse of time, and after the change in the personnel of its membership, to have amended and corrected its previous journal entries without the aid of original documents or minutes of some sort to which it might have had recourse as the basis for the amendment it proposed.

Along with the case has been taken respondents' motion to dismiss the appeal upon the ground of the want of a final judgment from which an appeal might be taken. The ground of such contention is that whereas there were two issues in the case, the one involving the question of defective procedure, and the other the question of the reasonableness of the proposed annexation even under proper procedure, the court determined the case only upon the first proposition, and expressly reserved its decision on the second. Consequently respondents argue that in the absence of a determination of all the issues between the parties, there is as yet no final judgment in the case from which an appeal will lie.

While it is frequently said that for a judgment to be final and appealable, it must dispose of all the issues between all the parties, what is actually meant is that the judgment must dispose of the whole case or controversy between all the parties. [Cox v. Frank L. Schaab Stove & Furniture Co., 332 Mo. 492, 58 S. W. (2d) 700.]

Here there was but a single cause of action asserted by plaintiffs, which might be established upon proof of either or both of the two theories relied upon in support of their claim of the invalidity of the attempted annexation. It is true that the court determined the case upon only the question of procedure, but in so doing it none the less determined the whole cause of action or controversy between plaintiffs and defendant, that is, the question of whether the annexation had been lawfully and successfully accomplished, and a determination of the further issue as to which the same result might or might not have been reached was thereby rendered unnecessary and unessential. The judgment entered by the court was therefore final and appealable, being a final determination of the right of all the parties to the suit (Sec. 1070, R. S. Mo. 1929 [Mo. Stat. Ann., sec. 1070, p. 1370]), and the insistence to the contrary stands for disapproval.

The Commissioner accordingly recommends that respondents' motion to dismiss the appeal be overruled, and that the judgment rendered by the circuit court be affirmed.

PER CURIAM:—The foregoing opinion of BENNICK, C., is adopted as the opinion of the court. Respondents' motion to dismiss the appeal is, accordingly, overruled, and the judgment of the circuit court affirmed. *Hughes, P. J.,* and *McCullen, J.,* concur; *Becker, J.,* not sitting because absent at time cause was submitted.