SMITH, CULVER, Associate Judge.
On August 25, 1959, certain residents and taxpayers of the City of Winter Garden brought a suit to enjoin the City, its Mayor, Commissioners, and Clerk from acquiring a plant or system for the manufacture, distribution and supplying of electricity. The defendants in such suit are the appellees here.
The Complaint alleged that appellees were engaged in a program for the illegal acquisition of an electrical plant or system without compliance with Section 172.02, Florida Statutes, F.S.A. Section 172.01, Florida Statutes, F.S.A., reads as follows:
“Any city or town may, under the limitations of this chapter, construct, purchase, lease or establish and maintain within its limits one or more plants for the manufacture or distribution of gas or electricity for furnishing light for municipal use, and for the use of such of its inhabitants as may require and pay for the same as herein provid *438 ed. Such plants may include suitable land, structures, easements, water privileges, stations, gasometers, boilers and engines, dynamos, machinery, pipes, conduits, hose, conductors, burners, lamps and other apparatus and appliances for making, generating, distributing and -using gas or electricity for lighting purposes.”
This is followed by Section 172.02, which states:
“No city or town shall exercise the authority conferred in § 172.01, until after a vote that it is expedient to exercise such authority shall have passed its city council, by a two-thirds vote of the members of said city or town council at a meeting duly called and held for that purpose, and received the approval of the mayor, and thereafter have been ratified by a majority of the voters voting thereon at an annual or special municipal election to be called and held for that purpose, and the result of such vote duly declared by the clerk of the said town or city council, and recorded in the minutes of such town or city.”
Thereafter, on September 9, 1959, the Court below entered a temporary injunction restraining appellees from taking any further steps to acquire the facilities heretofore mentioned “unless and until Section 172.02 Florida Statutes of 1957 [F.S.A.] has been complied with. * * * ”
On December 8, 1959, appellees filed a Motion to Dissolve the Temporary Injunction asserting that an election had been held on December 1, 1959, and that the electors of the City had voted to exercise the rights provided in Section 172.01. Thereafter, the appellants filed a Motion and/or Petition for Intervention which was granted by the Court below, in its Order of December 29, 1959. The original plaintiffs were then dismissed from the suit. Appellants, within the time allowed, filed their objections to appellees’ Motion to Dissolve the Temporary Injunction, and later an amendment to such objections. Defendants moved for an order allowing them to amend their Motion to Dissolve the Temporary Injunction; and, over objection of appellants, the amendment was allowed. Certified copies of minutes of the City Commission of the City of Winter Garden and also corrected minutes of certain meetings are contained in the record. These corrections were made after the election was held. On March 9, 1960, the Chancellor entered his Order dissolving the injunction, stating he found from the exhibits and evidence received that appellees had substantially complied with the provisions of Sections 172.01 and 172.02, Florida Statutes, F.S.A.
Appellants pose eleven points upon which they rely for reversal. These are detailed, specific points under what appears to be the broad question involved, which is: did the appellees properly comply with the requirements of Sections 172.01 and 172.02?
Nowhere, in the record or briefs of the parties, does there appear to be any question raised claiming the exercise of bad faith, fraud or similar action on the part of appellees. Neither is there any contention that the amended minutes do not speak the truth. The appellees do not admit any insufficiency in their original Motion to Dissolve the Injunction. Their Amended Motion to Dissolve, however, contains the corrected minutes of the Commission meeting of October 19, 1959, which is the meeting called for the purposes set forth in Section 172.02. We think it clear that the original minutes of this meeting do not show a sufficient compliance with the Statute. The corrected minutes of the October 19th meeting were adopted on January 7, 1960. This took place after the election, after the original Motion to Dissolve the temporary injunction was filed, after appellants were substituted as plaintiffs, but before appellants filed their objections to the granting of appellees’ Motion to Dissolve the injunction. We must first determine whether the corrected minutes should have been considered by the lower Court in its *439 determination of whether or not appellees complied with the Statute. In other words, should the Court have allowed appellees to file the amendment containing the corrected minutes? This is actually the first point raised by appellants. In McQuillin on Municipal Corporations, 3rd Edition, Vol. 5 § 14.10, the rule is stated as follows:
“The Courts are liberal respecting amendments of corporate records. If, through inadvertence or misapprehension the record has been defectively made it is competent to complete it according to the truth. Thus, where the record fails to show that the yeas and nays were taken, it may be amended so that it will speak the truth. The right to amend does not depend upon Statute but is a right of legislative or collective bodies generally. The amendment is by a nunc pro tunc entry, if there is matter which authorizes such amendment, and the record thereupon has the same force and effect as though originally made as amended.”
Decisions of 12 states are cited as authority for the foregoing rule which we do not believe is actually questioned. Appellants cite as authority for their position that the lower Court should not have allowed the corrected minutes to supply matters not previously shown, citing the case of Steiger v. City of Ste. Genevieve, 1940, 235 Mo. App. 579, 141 S.W.2d 233. This case recognizes the inherent power of Municipal bodies to correct or amend their records to make them speak the truth, but sets forth an exception where third person’s vested rights or bona fide claims, which would be defeated by the amendment, have intervened, and litigation has arisen involving rights existing under an amendment subsequently proposed. In such instance, the case holds, the amendment may still be made, but should be made not ex-parte, but upon proper application to a Court of competent jurisdiction. (Italics ours.) In the instant case, although the appellees corrected their minutes without, in advance, securing permission of Court, they brought them before the Court in their Motion for Order allowing amendment to their Motion to Dissolve the temporary injunction. This was obj ected to by appellants, and the Court heard the parties and entered its Order allowing the amendment to be filed. We do not find from the record sufficient evidence to hold this to be reversible error, on the part of the Chancellor, especially in the absence of any assertion or evidence to the effect that the corrected minutes do not actually speak the truth.
It is now necessary to determine if the minutes and records of appellee City, as amended, show sufficient compliance with Section 172.02, Florida Statutes, F.S.A., previously quoted. Appellants attack their sufficiency in their stated points 3 through 9, inclusive, of their brief. We have examined the corrected minutes of the meeting of October 19, 1959, and conclude that they show compliance with Section 172.02, even without the parol evidence allowed by the Court below and complained of by appellants, in the second point set out in their brief. With reference to parol evidence, however, it is admissible for purposes of showing facts omitted. Minutes may be supplemented but not contradicted. This is stated in the case of City of Ecorse v. People’s Community Hospital Authority et al., 336 Mich. 490, 58 N.W.2d 159, 166, wherein the Supreme Court of Michigan held:
“The city of Ecorse argues that a quorum was not present on October 16, 1947, when the board of directors of the authority purported to admit certain municipalities to membership. Parol evidence may be admitted to show facts omitted from the official record. Draper v. Village of Springwells, 235 Mich. 168, 172, 209 N.W. 150. Minutes may be supplemented, but not contradicted. Rubatt v. Township of Wakefield, 239 Mich. 536, 547, 215 N. W. 38. The testimony shows that the claimed absent director was, in fact, present when the vote was taken, hence *440 the record of the meeting may be supplemented to supply the omission of his name from the list of those present, that being merely a clerical error. The record shows there was a quorum present on October 16, 1947.”
See also State ex rel. Marcum v. Sappington, Mo.App.1953, 261. S.W.2d 385.
In the present case the oral testimony sought, among other things, to establish beyond any doubt that all commissioners of the City were present at the time each vote, shown by the minutes, was taken and that each voted. This testimony did not in any way contradict the minutes, but merely supplemented them and was competent evidence for this purpose.
Appellants’ points 10 and 11 deal with the proposition of whether or not the question submitted to the voters was one required by Section 172.02 and whether or not it consisted of a proposition made up of dual purposes. The following is the question which was submitted to the voters in the election:
“Shall the City of Winter Garden, under the limitations of Chapter 172. Florida Statutes, construct, purchase, lease, or establish and maintain within its limits one or more plants for the manufacture or distribution of electricity for furnishing light for municipal use, and for the use of such of its inhabitants as may require and pay for the same in the manner provided in Chapter 172, Florida Statutes? Such plants may include suitable land, structures, easements, water privileges, stations, boilers, and engines, dynamoes, machinery, pipes, conduits, hose, conductors, burners, lamps, and other apparatus and appliances for making, generating, distributing, and using electricity for lighting purposes.”
The Florida Supreme Court, in the case of State, et al., v. City of Daytona Beach, 160 Fla. 13, 33 So.2d 218, 219, held:
“ * * * The law is well settled that if bonds are proposed and issued for two or more purposes that are so related as to amount to a single purpose, they may be combined and voted on as a single issue, otherwise each proposition must be submitted so that it can be voted on separately. * * * ”
We are of the opinion that the question submitted to the voters of Winter Garden contained but one single objective which was the furnishing of electricity for municipal use and for the use of its inhabitants. Finding no reversible error in the record, the Court below is hereby affirmed.
ALLEN, C. J., and SHANNON, J., concur.