CITY OF INDEPENDENCE, Missouri, for the Use and Benefit of Charles GUINN, Plaintiff-Respondent-Appellant,

v.

George M. HARE and Mary Pearl Hare, Defendants-Appellants-Respondents,

City of Independence, Missouri, Intervenor-Appellant.

Nos. 23492 and 23496.

Kansas City Court of Appeals. Missouri.

June 4, 1962.

Arthur B. Taylor and Kenneth H. Taylor, Independence, Walter A. Raymond and Raymond, West & Cochrane, Kansas City, for plaintiff and intervenor and John F. Thice, Independence, for intervenor, City of Independence.

James L. Gillham, Independence, for defendants-appellants-respondents Hare.

MAUGHMER, Commissioner.

This is an action to enforce the lien of a Special Sewer Tax Bill issued by the City of Independence, Missouri. After trial the court directed a verdict and entered judgment for claimant in the amount of $2,642.09 principal, plus accrued interest to April 11, 1961, in the sum of $1,170.71 or a total of $3,812.80.

In 1955, the City of Independence was a city of the third class. On August 29, 1955, it issued Special Tax Bill No. 41 for Sewer District No. 186, in the amount of $2,642.09 to Quickway Excavating Company, which company assigned to Charles Guinn, plaintiff in the present suit. Defendants George M. and Mary Pearl Hare by their answer admitted ownership of the real estate, but asserted Tax Bill No. 41 was void as to "procedure, form, content and effect" and was void for the further reason that it was issued pursuant to Ordinance No. 14118, which was invalid because not enacted according to law and in the manner and form prescribed by statute.

Some objections were registered by defendants to the introduction into evidence of Ordinance No. 14059, which created Sewer District No. 186. These objections appear mainly addressed to the real estate descriptions which were by metes and bounds and which defendants contend were

not entirely accurate. However, the judgment lien is against the real estate so described and defendants' complaints are not meritorious in this respect.

The real issue on appeal concerns the validity of Ordinance No. 14118, which was the ordinance levying and assessing the cost of constructing sewers in District No. 186 and under which Special Tax Bill No. 41 was issued. The ordinance itself recites its passage on August 29, 1955. The journal of the August 29 meeting shows that all twelve members of the council were present but is silent as to the votes on Ordinance No. 14118. The ayes and nays were not recorded.

The judgment here was entered on April 12, 1961. On April 18, defendants filed their motion to set aside or in the alternative to grant them a new trial. On May 17, 1961, and while defendants' motion was pending and undisposed of, the City of Independence presented to the court its motion for leave to file an intervening petition. In support, the City suggested that the attack on the ordinance raised a matter of great public interest and that the City's ability to sell future tax bills might be adversely affected. The City alleged further that in truth and in fact Ordinance No. 14118 was passed by a majority of aye votes and that the ayes and nays were actually taken. This application included affidavits signed by all twelve members of the council, the then mayor and city engineer, declaring that the ayes and nays were taken and that all twelve members voted aye. The City's motion then prayed that the court reopen the case, allow the City of Independence to intervene and permit amendment of the record nunc pro tunc to show the taking and recording of the ayes and nays. The court denied the City's motion to intervene, overruled defendants' motion to set aside the judgment or grant a new trial and all three participants have appealed. The defendants Mr. and Mrs. Hare appeal from the judgment entered against them, while the plaintiff Guinn and the City, expectant intervenor, appeal from the denial of the motion to intervene.

■ Three questions are presented which must be answered in order to determine this appeal. First, is an ordinance under which a special tax bill is issued valid where the record does not show the taking or recording of the ayes and nays? Second, may the minutes of the journal be corrected to show such vote if in truth and in fact such vote was actually taken, and third, should the City of Independence under the facts of this case have been permitted to intervene for the avowed purpose of so correcting the record? The supporters of the judgment entered claim that the attack on the ordinance and ipso facto, upon the judgment itself, is a collateral attack and cannot be sustained regardless of the defects as to the ordinance. Generally presumptions are indulged in favor of the validity of special tax bills and that city officials do their duty. However, we reject plaintiff's theory that these assumptions, which have received some lip service from the courts will render defective ordinances impregnable to assault or cure deficiencies in legislative enactments.

As Independence, in 1955, was a city of the third class, its powers were governed by what is now Chapter 77, RSMo 1959, V.A.M.S. Section 77.080 thereof provides in part as follows:

"The style of the ordinances of the city shall be: 'Be it ordained by the council of the city of ——— as follows:' No ordinance shall be passed except by bill, and no bill shall become an ordinance unless on its final passage a majority of the members elected to the council shall vote therefor, and the ayes and nays shall be entered on the journal; and all bills shall be read three times before their passage".

■ The provision of the statute that "no bill shall become an ordinance unless on its final passage a majority of the members elected to the council shall vote there-

for, and the ayes and nays shall be entered on the journal" has long been held to be a mandatory provision and failure to record the ayes and nays invalidates or makes incomplete the enactment of such ordinance. In City of New Franklin ex rel. etc. v. Edwards, Mo.App., 23 S.W.2d 235, the journal recited the following vote: "Wilson, Yes; Bryan, Yes; Solomon, Yes". The court commented there was no affirmative showing as to the number of councilmen, ruled the ayes and nays were not recorded, and struck down the ordinance as invalid. In Village of Beverly Hills v. Schulter, 344 Mo. 1098, 130 S.W.2d 532, 537, the journal entry read: "Each of the above 13 bills * * * were presented for passage, voted upon, and passed unanimously by all of the trustees present". The court said: "In view of our mandatory statute that the yeas and nays shall be entered on the journal, we cannot hold that the journal entry here in question is sufficient".

In Krug v. Village of Mary Ridge, Mo. App., 271 S.W.2d 867, the court declared that the statute requiring the ayes and nays to be entered on the journal is to afford and enforce publicity as to the votes of the individual members of the board of a municipal corporation upon matters coming before them for their official action and to fix upon each member the precise share of responsibility which he ought to bear.

Steiger et al. v. City of Ste. Genevieve, 235 Mo.App. 579, 141 S.W.2d 233, holds squarely that the statutory requirement that ayes and nays of aldermen voting on ordinances be entered on the journal is mandatory, should be strictly observed and constitutes a condition precedent to the validity of the ordinance. We believe that upon the *initial* record here which shows no record of the ayes and nays that the ordinance is invalid.

Now as to the second question: May the journal be corrected to show the ayes and nays if in truth and in fact such vote was taken? This court, State ex rel. Marcum v. Sappington et al., Mo.App., 261 S.W.2d 385, approved a mandamus proceeding to compel the municipal governing officials to amend the official minutes of a meeting to recite formal acceptance of relator's oral contract offer.

In Cunningham et al. v. City of Butler et al., Mo., 256 S.W.2d 767, 768, the city intervened and was allowed to amend the journal nunc pro tunc to show that the ordinance had in truth and in fact been passed and the ayes and nays had been taken. The court said:

"(2) Plaintiffs say that Ordinance No. 36, passed on August 4, 1950, by which the city council provided for the construction of sewers in District No. 26, was void for the reason that the ayes and nays were not noted on the journal, as provided by Section 77.080 RSMo 1949, V.A.M.S. The record as entered by the City Clerk of the meeting on August 4, 1950, showed that five of the eight councilmen were present. Those present as shown by the journal were Blankenship, Norris, Foster, Stover, and Radford. The evidence of the City Clerk, Ray Winegardner, was that when Ordinance No. 36 was read for final passage all councilmen present*ed* voted 'aye' and no one voted 'nay'; that he recorded the vote as 5 ayes and no nays. On October 6, 1951, after the present suit was filed, pursuant to a motion for leave to amend the minutes of the city council of August 4, 1950, by a nunc pro tunc entry, the trial court ordered the minutes to be amended so as to reflect in full what occurred. The five councilmen above-named each signed an affidavit that he had been present and had voted for Ordinance No. 36. The record shows that this order was made by Phil H. Cook, Special Judge. The trial of the case on the merits began January 15, 1952, before Lawrence Holman, Special Judge. The order of Judge Cook was beyond question cor-

rect. Plaintiffs say in their brief '*Nunc pro tunc* corrections of records are authorized only when there is some record upon which to base the correction.' They cite State ex rel. William R. Compton Co. v. Walter, 324 Mo. 290, 23 S.W.2d 167. In the case before us it could be ascertained from the minutes as made at the time Ordinance No. 36 was passed that the five councilmen present all voted 'aye.' It is evident that the nunc pro tunc order was proper". See also Frago v. City of Irondale, 364 Mo. 500, 263 S.W.2d 356, 361.

In Steiger et al. v. City of Ste. Genevieve, supra, at page 236 of 141 S.W.2d, the St. Louis Court of Appeals said:

"Not only does a board of aldermen or municipal council have the inherent power to amend or correct its records to make them speak the truth (State ex rel., etc. v. Hackmann, 277 Mo. 56, 209 S.W. 92), but the power is said to be broad in cases where, through inadvertence or misapprehension, a record has been made up defectively so as not to reveal the actual proceedings that were had".

In State ex rel. Compton Co. v. Walter, 23 S.W.2d 167, 170, the Supreme Court, after quoting with approval from an Illinois decision declaring a clerk may amend the record of a municipal corporation so long as he has the custody thereof according to his knowledge of the truth, said:

"(5) If a clerk may without direction lawfully amend the records of a municipal corporation according to the truth although he has no memorandum from which the amendment could be made, it must follow that under similar circumstances he could be coerced by mandamus to make the record speak the truth, either by recording that which he had failed to record or correcting that which he had incorrectly recorded. Our own courts have recognized that the strict and technical rules which apply to the correction of judicial records do not apply to the correction of municipal records. In State ex rel. School District No. 1 v. Hackmann, 277 Mo. 56, 63, 209 S.W. 92, 94, we quoted with approval from Boston Turnpike Co. v. Town of Pomfret, 20 Conn. 590, 596, the following: 'Courts, however, have never adopted, and from their nature it would not be practicable to adopt, those strict, technical and peculiar rules as to their correction, which apply to the amendment of judicial records. On the contrary, it is deemed of so great importance to uphold the proceedings of our municipal corporations that courts are disposed to be as indulgent in allowing entries of their proceedings to be amended, as is consistent with the safety of those whose interests would be affected by them' ".

In our case the journal as made shows all twelve councilmen present and that the ordinance was passed. Correction or modification nunc pro tunc to show the ayes and nays would not be a change in the record but rather an expansion to show in detail the actual vote. We believe the City of Independence should have been permitted to intervene and that it should be heard on the application to correct the journal so as to show in detail passage of the ordinance and a recording of the ayes and nays.

Paragraph 4, subsection 3, Section 507.-090, V.A.M.S. provides:

"In all cases and proceedings wherein the validity of an ordinance or regulation of any governmental subdivision of this state affecting the public interest is drawn in question, and the governmental subdivision, or an officer, agency or employee thereof is not a party, the governmental subdivision may in the discretion of the court be permitted to intervene, upon proper application;".

We have here a sewer district created by the City of Independence. Numerous

tax bills were issued to provide funds for this improvement. Under this lawsuit the validity of the ordinance was questioned. It is a matter directly affecting the public interest of the City of Independence, and indirectly other cities. It is our belief and we hold under all these circumstances that the trial court should have permitted the City of Independence to intervene in this action.

For all the reasons stated herein, the judgment is reversed and the cause is remanded for retrial and with directions to permit the City of Independence to intervene and for the court to consider the application to amend the journal nunc pro tunc on its merits.

SPERRY, C., concurs.

PER CURIAM.

The foregoing opinion of MAUGHMER, C., is adopted as the opinion of the court.

All concur.