PER CURIAM.
Appellants, City of Hallandale; R. A. Hedland, Jr., as Chief Building Inspector of the City of Hallandale; and the Hallan-dale City Commission, respondents in a mandamus proceeding below, appeal a final judgment entered in favor of appellee-peti-tioner, Sage Corporation. We reverse.
*203 This is the second appearance of this case before us.[1] We remanded to the trial court for an evidentiary hearing on the issues raised by the pleadings. Following are the findings of the trial court: appellants had failed to comply with the Hallan-dale City Charter in the passage of Ordinance Number 967 in that they neglected to have the yeas and nays of the members of the Hallandale City Commission voting on Ordinance Number 967 recorded in the official minutes of the Hallandale City Commission meeting conducted on April 18, 1972; such failure rendered Ordinance Number 967 invalid; action taken by the city commission in August 1972 amending the 'official minutes of the April 18th city commission meeting to reflect the yeas and nays of the members of the city commission voting on Ordinance Number 967 was ineffective as relates to the rights of Sage Corporation in June- 1972, when Sage Corporation submitted the completed plans for the 142-unit residential complex to the City of Hallandale; since Ordinance Number 967 was invalid, the use requested by Sage Corporation was in conformity with the uses permitted by the City of Hallandale on June 19, 1972 and Sage Corporation was therefore entitled to the requested building permit. Final judgment was accordingly entered and a peremptory writ of mandamus was duly issued. This appeal then followed.
The question for our determination is whether the trial court erred in entering final judgment and issuing a peremptory writ of mandamus in favor of Sage Corporation.
Courts are liberal respecting amendments of corporate records. If through inadvertence or misapprehension the record has been defectively made, it is competent to complete it according to the truth. Thus where the record fails to show that the yeas and nays were taken, it may be amended so that it will speak the truth. The amendment is by a nunc pro tunc entry, and upon entry of an amendment the record thereupon has the same force and effect as though originally made as amended. Ogletree v. City of Winter Garden, 128 So.2d 437 (Fla.App.1961).
Turning our attention to the instant case, an examination of the official minutes of the April 18th Hallandale City Commission meeting as originally approved by the Hallandale City Commission on June 6, 1972 reveals that the yeas and nays of the members of the city commission voting on Ordinance Number 967 were not recorded in said minutes. These minutes, however, did reflect that Ordinance Number 967 was passed by a unanimous vote of the city commission, and that the yeas and nays of the members of the Hallandale City Commission voting on Ordinance Number 967 were indeed taken at the April 18th city commission meeting. When attention came to the city commission that the yeas and nays were not recorded in the official minutes of the April 18th city commission meeting as originally approved, the city commission amended the official minutes so that the official minutes would speak the truth, i.e., the official minutes would reflect that each member of the city commission had voted yea concerning the passage of Ordinance Number 967. Such amendment is clearly proper and has the same effect as if regularly done.
Therefore, appellants fully complied with the Hallandale City Charter in the passage of Ordinance Number 967. Said ordinance was effective to preclude the city commission from issuing the building permit requested by Sage Corporation. Since Sage Corporation was not entitled to the issuance of the requested building permit, the trial court erred in entering final judgment and issuing a peremptory writ of mandamus in favor of Sage Corporation.
*204 Accordingly, the final judgment in favor of Sage Corporation is reversed, the peremptory writ of mandamus is quashed, and the cause remanded to the trial court to dismiss the petition for a writ of mandamus.
Reversed and remanded, with directions.
CROSS, OWEN and DOWNEY, JJ., concur.

. See City of Hallandale v. State of Florida, ex rel. Sage Corporation, 298 So.2d 437 (Fla.App.1974) for statement of the facts of the case.