Josephine Dolores ANTHONIS,
Plaintiff-Appellant,

v.

John J. QUINN, Excise Commissioner of
the City of St. Louis, State of Missouri,
Defendant-Respondent.

No. 36263.

Missouri Court of Appeals,
St. Louis District,
Division Two.

Feb. 10, 1976.

Howard C. Wright, Jr., City Atty., Larry A. Woodward, Asst. City Atty., Springfield, for appellant.

No appearance for respondent.

Before BILLINGS, C. J., and TITUS and FLANIGAN, JJ.

David O. Danis, St. Louis, for plaintiff-appellant.

Jack L. Koehr, City Counselor, John J. Morton, Asst. City Counselor, St. Louis, for defendant-respondent.

STEWART, Judge.

This is an appeal by plaintiff, owner and operator of a tavern in the City of St. Louis, from a judgment of the Circuit Court on petition for review affirming an order of defendant, the Excise Commissioner of the City of St. Louis, suspending the license of plaintiff for a period of 10 days. Hereafter we shall refer to plaintiff as licensee and defendant as Commissioner.

Licensee was duly served with a citation by Commissioner, ordering her to show cause why her liquor license should not be revoked or suspended for violation of the Revised Code of the City of St. Louis. Section references herein are to the Revised

Code of St. Louis unless otherwise indicated.

A hearing was held but no stenographic recording of the testimony of the parties was made. Licensee advised that she did not desire to obtain a record of the proceedings at her own expense. Licensee, however, did prepare a statement of the testimony in which the conduct of the manager of licensee's business was greatly abbreviated. Commissioner made some minor corrections and made a notation to the effect that the manager had admitted he made the statement to Detective Schaefer which was part of the Commissioner's findings, and then certified the summary as part of the record. Licensee takes no exception to the corrections which were made. The statement as corrected became a part of the record as an alternative to a full transcript. § 536.130 R.S.Mo.1969.

After the hearing the Commissioner made findings and conclusions adverse to licensee and ordered that her license be suspended for a period of 10 days.

Upon the evidence adduced Commissioner found that on November 25, 1973, Detective Schaefer, assigned to the liquor squad, drove by licensee's premises at about 2:03 a. m., and saw a man standing by the window bent over a coin operated game as if he were playing the game. This man was also drinking from a Budweiser cup. The officer went to the door which was locked. He knocked and was admitted by licensee's son, the manager of the tavern. There were five other persons in the tavern, the bartender and Michael, Patrick, Susan and Mary Young. The latter named four persons were not employees of the licensee.

The defendant, Commissioner, also found that the manager upon being advised that he was being placed under arrest became— to put it delicately—extremely abusive toward Detective Schaefer.

Upon these findings the Commissioner concluded that licensee was in violation of Sections 372.100 and 372.170.

Section 372.100 provides sanctions for failure to keep "an orderly place or house at all times." [1] Section 372.170, so far as material, provides that "all premises at all times while persons other than the licensee or employees of the licensee are on . . [licensed premises], shall be accessible to law enforcement and liquor inspection persons and such premises shall not be locked nor shall the entrance to such premises be blocked or impeded or made inaccessible in any manner; . . . "

Licensee's first contention tacitly recognizes the fact that she had not raised the question of the validity of § 372.170 at the earliest opportunity and thus it is not here for our review. *Frank v. Wabash Railroad Co.*, 295 S.W.2d 16 (Mo.1956). Her contention is that the order of the Commissioner "was based upon the application of . . § 372.170, which as applied to the facts of this case is inconsistent with Mo.Rev.Stat. § 311.290 and is therefore invalid under the requirements of Mo.Rev.Stat. Chapter 311.-220."

§ 372.170 clearly required that the doors to the licensed premises be unlocked when persons other than the licensee and her employees were on the premises. Four of the persons inside the tavern were not employees under any definition of that word. The Commissioner applied the ordinance to the facts in the only manner possible in this case. The contention of licensee can only be read as an attack upon the validity of § 372.170. This issue was not raised at the first opportune moment and is not before us for review. *Frank v. Wabash RR., supra.*

Licensee next contends that the findings do not support the conclusion that licensee failed to operate an "orderly place or

1. "372.100. Disorderly place.—Whenever it shall be shown, or wherever the Excise Commissioner has knowledge, that a person licensed under the provisions of Chapters 370 through 378 has not at all times kept an orderly place or house, the Excise Commissioner shall revoke or, in his discretion, cancel or suspend the license of such person, as herein provided. (Ord. 51376, June 22, 1962)."

house" in violation of § 372.100. The question under review involves the application of the law to the facts found to determine whether the facts as found constitute a violation of § 372.100. *Stephen & Stephen Properties, Inc., v. State Tax Commission,* 499 S.W.2d 798, 802[1] (Mo.1973).

As an aid to interpretation licensee points out that § 372.100 is almost identical with § 311.680 R.S.Mo. (1969) which also requires a licensee " . . . at all times to keep an orderly place or house."

■ Failure to keep an "orderly place" or "orderly house" has been variously defined. A large number of these definitions have been collected in *State ex rel. Arnold v. Lichta,* 130 Mo.App. 284, 109 S.W. 825 (1908); *State ex rel. Smith v. Dykeman,* 153 Mo.App. 416, 134 S.W. 120 (1911); and *State ex rel. Carman v. Ross,* 177 Mo.App. 223, 162 S.W. 702 (1914). The common thread to all of these cases is the concept that a single occurrence is not sufficient. It is essential that there be a course of conduct, for a short time at least, and "that the continued acts must either create some disturbance or must tend to promote disturbances or breaches of the peace, or violations of the law, or must promote immorality." *Dykeman, supra,* l. c. 122. The act of violating § 372.170 by failing to make the premises available to the officers even coupled with the reprehensible conduct of licensee's manager on this one occasion can not be said to constitute a course of conduct such as is contemplated by § 372.100. We find that there was no violation of § 372.100 under the facts of this case.

■ The question of the penalty to be imposed is one within the sound discretion of the Commissioner after a consideration of the violation and the circumstances surrounding the violation. Here the Commissioner found 2 violations of Chapter 372 of the Revised Code of the City of St. Louis, one of which is not supported by the findings. The penalty he assessed was within the range allowed in § 372.020.[2] Whether he would have ordered the same penalty for the sole violation of § 372.170, considered along with the surrounding circumstances, we cannot say. We must therefore reverse and remand the cause for reconsideration of the penalty. See *Johnson v. Wright,* 478 S.W.2d 277 (Mo.1972) and *Chilton v. Wright,* 480 S.W.2d 1 (Mo.1972).

■ While there is some question as to whether licensee's point III is properly raised, the brevity of the transcript enables us to ascertain the issue sought to be discussed. Licensee contends that the trial court erroneously excluded the testimony of her lawyer to the effect that the Commissioner had "indicated" to him that on the first offense the license would be suspended for a period of 3 days, and as a result she and her lawyer decided not to have a stenographer present to record the testimony at the Commissioner's hearing. She contends that the evidence was admissible at the hearing on the petition for review under the provisions of § 536.140(4) R.S.Mo. 1969, which provides, "The court may in any case hear and consider evidence of alleged irregularities in procedure or of unfairness by the agency, not shown on the record."

Licensee may not complain primarily because the Commissioner accepted the state-

---

**2.** "372.020. Revocation, cancellation or suspension of licenses, general.—Any person holding any license issued pursuant to the provisions of Chapters 370 through 378 and who violates any of the terms of said Chapters, or any rule, regulation, order or direction of the Excise Commissioner shall, in addition to the other penalties provided for, suffer the revocation of his license by the Excise Commissioner; or, the Excise Commissioner may in his discretion warn a licensee, or may suspend his license for not more than ten days, or may cancel his license. Provided that a licensee who suffers the cancellation of his license by the Excise Commissioner may have his license reinstated if he files a complete new petition for a license with the Excise Commissioner, and if the Excise Commissioner, in his discretion, approves such complete new petition. (Ord. 51376, June 22, 1962)."

ment of the evidence which was provided by licensee with the corrections noted earlier in this opinion. This is one of the alternative methods for providing the record on appeal and occupies the same status as a verbatim transcript. She had the benefit of the record of the evidence on appeal without the cost of a full stenographic transcript. She suffered no prejudicial injury.

The trial court did permit licensee's attorney to testify subject to the court's ruling. The evidence was formally excluded. The proposed testimony is set out in the transcript and is before us for our consideration.

 Licensee does not set out the alleged conversation verbatim. Her lawyer testified that the Commissioner "indicated" that on the first violation of the ordinance the license would be suspended for 3 days. To "indicate" does not imply certainty but probability.[3] Upon a hearing it is the duty of the hearing officer to impose sanctions in an informed, sound discretion based upon the evidence produced at the hearing. He must take into consideration the violations involved and the circumstances surrounding the violations. Compare *Woosley v. United States,* 478 F.2d 139 (8th Cir. 1973). The Commissioner could not abdicate that duty nor could licensee rely upon the "indication" allegedly made by the Commissioner.

Assuming arguendo that the evidence was admissible, it is axiomatic that any error must be prejudicial to warrant remedial action. Licensee's only reason for complaint in this regard is her broad assertion that "If Petitioner had a stenographer additional points on appeal could be raised, which individually or together would be additional reasons for the judgment of Respondent to be reversed." Licensee does not tell us what points, if any, she was prevented from presenting here. The only question raised with respect to the violation of § 372.170 had not been preserved for our

review, but not for the reason that there was no stenographic record. The finding with respect to § 372.100 has been ruled favorably to licensee. Any question with respect to the sanctions placed upon licensee are to be reconsidered. We do not find that the action of the trial court was prejudicially erroneous.

For the reasons set out herein this cause is remanded to the trial court for remand to the Excise Commissioner of the City of St. Louis for the sole purpose of reconsidering and re-assessing the penalty. In all other respects the judgment of the trial court is affirmed.

CLEMENS, P. J., and KELLY, J., concur.

---

**3.** "Indicate: to point out or to or toward with more or less exactness: as (a) to show the probable . . . course of; reveal in a fairly clear way; (b) . . . to show or

suggest the probable extent of." *Webster's Third New International Dictionary,* G. & C. Merriam Co., Springfield, Mass. 1969.