379 So.2d 966 (1979)
Philip EPIFANO, As Trustee, Appellant,
v.
TOWN OF INDIAN RIVER SHORES, a Municipal Corporation Existing under the Laws of the State of Florida, Edward J. Nolan, Mayor, Fred E. Gierhart, Suzanne M. Boden, Thad D. Wilkins and Paul Parent, As Members of and Constituting the Town Council of the Town of Indian River Shores, Appellees.
No. 78-1352.
District Court of Appeal of Florida, Fourth District.
October 17, 1979.
George H. Moss of Jones, Paine & Foster, P.A., Vero Beach, for appellant.
Chester E. Clem, Jr. of Jackson & Clem, P.A., Vero Beach, for appellees.
PER CURIAM.
Appellant was plaintiff below and seeks reversal of a final judgment. The suit was for a declaratory decree relating to the validity of a zoning moratorium ordinance and a rezoning ordinance passed by the Town Council of the Town of Indian River Shores, the defendant/appellee. The trial court concluded that the municipal ordinances had been properly adopted, that they were not subject to constitutional attack, and that the City was not equitably estopped from enforcing the ordinances. The trial court also found that the plaintiff had no vested right to the particular zoning claimed.
The matter was tried before the Court without a jury. The evidence introduced was voluminous and complex.
Appellant initially contends that the ordinance was enacted in an unconstitutional manner resulting in a denial of due process. We find appellant has failed to demonstrate error in this regard.
Appellant asserts a vested right to certain zoning existed. The trial court found to the contrary and we find his conclusion supported by City of Boynton Beach v. Carroll, 272 So.2d 171 (Fla. 4th DCA 1973), and City of Hallandale v. State, ex rel. Sage Corp., 326 So.2d 202 (4th DCA 1976). Appellant also contends that the zoning classification was unreasonable and arbitrary, constituting a denial of equal protection of the laws. We find this contention to be without merit. Appellant's contentions regarding equitable estoppel were basically factual questions which were properly determined by the trial court. We conclude that appellant has failed to demonstrate error in any respect. The final judgment below is therefore affirmed.
AFFIRMED.
ANSTEAD and BERANEK, JJ., and DAUKSCH, JAMES C., Jr., Associate Judge, concur.