Leo BURNAU, Jr., and Agnes Burnau,
d/b/a Fireworks, Appellants,

v.

Larry WHITTEN, et al., Respondents.

No. 64015.

Supreme Court of Missouri,
En Banc.

Dec. 3, 1982.

Claude Hanks, St. Louis, for appellants.

W. Gary Drover, Camdenton, for respondents.

HIGGINS, Judge.

Leo and Agnes Burnau sought temporary and permanent injunctive relief prohibiting enforcement of section 320.150 RSMo 1978, and money damages for injuries sustained as a result of the statute's enforcement. The trial court dismissed the petition. In the Court of Appeals, Southern District, they contended the trial court erred in not granting injunctive relief because there was a clear showing plaintiff would sustain irreparable harm as a result of his inability to sell fireworks; plaintiff was subject to multiple litigation without such relief; section 320.150 RSMo was unconstitutionally vague; and injunctive relief was the proper remedy preventing enforcement of an unconstitutional statute. They did not assign error to the dismissal of their damage action. The case was transferred to this Court because it involves construction of a statute of this state. The question is whether section 320.150 is constitutional. Affirmed.

Generally, courts of equity are without jurisdiction to enjoin enforcement of criminal statutes. *State ex rel. Eagleton v. McQueen,* 378 S.W.2d 449, 453 (Mo. banc 1964); *Wellston Kennel Club v. Castlen,* 331 Mo. 798, 804, 55 S.W.2d 288, 289 (1932). When the criminal law in question is unconstitutional or otherwise invalid and attempted enforcement would directly invade a property right causing irreparable injury, equity will enjoin enforcement of the offending statute. *McQueen,* 378 S.W.2d at 453. In order that this exception apply, the elements of statutory invalidity and irreparable injury must clearly appear. *Id.* at 453–54; *Wellston Kennel Club,* 331 Mo. at 804, 55 S.W.2d at 289; *Browning v. City of Poplar Bluff,* 370 S.W.2d 179, 183 (Mo.App. 1963). Appellants' challenge to the constitutionality of section 320.150 was considered in *State v. Burnau,* 642 S.W.2d 621 (Mo. banc 1982), and this Court held section 320.150 constitutional.

Appellant has failed to establish an exception to the general rule prohibiting equitable interference with criminal stat-

utes. The trial court was without jurisdiction to enjoin the statute and properly dismissed the petition for such relief.

The judgment is affirmed.

DONNELLY, C.J., RENDLEN, SEILER, WELLIVER, and GUNN, JJ., and FINCH, Senior Judge, concur.

BILLINGS, J., not sitting.