**Robert CIMASI, et al.,
Plaintiffs-Respondents,**

v.

**CITY OF FENTON,
Defendant-Appellant.**

**No. 44305.**

Missouri Court of Appeals,
Eastern District,
Division Two.

Aug. 16, 1983.

Motion For Rehearing and/or Transfer to
Supreme Court Denied Oct. 4, 1983.

Application to Transfer Denied
Nov. 22, 1983.

Eric F. Tremayne, Michael H. James, Tremayne, Lay, Carr & Bauer, Clayton, for plaintiffs-respondents.

Jim J. Shoemake, J. Richard McEachern, St. Louis, for defendant-appellant.

SIMON, Judge.

The City of Fenton (City) appeals from a judgment of the Circuit Court of St. Louis County providing: (1) that the City ordinance (Ordinance No. 48) governing retail sale of liquor by the drink void and unenforceable; (2) that the City is permanently enjoined from enforcing the ordinance; and (3) $15,000 as and for attorney's fees for Robert J. Cimasi and J. Barleycorn's, Inc. (respondents). Judgment affirmed in part and reversed in part.

On appeal, the City contends the trial court erred in: (1) not entering a nunc pro tunc order; (2) failing to find respondents had waived their objection to Ordinance No. 48 by applying for a license; (3) holding Ordinance No. 48 void and unenforceable after having found the ordinance had been relied upon for over twenty years; (4) issuing a permanent injunction; (5) awarding attorney's fees; (6) making supplemental findings of fact and conclusions of law after the judgment was final; and (7) admitting testimony of respondents' counsel concerning attorney's fees, which violated the best evidence rule.

▪ Our review is governed by the holding in *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976). In court tried cases, we shall affirm the decree or judgment unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law. We shall not reverse a decree or judgment on the ground that it is against the weight of the evidence, unless we are of the firm belief that it is wrong. Further, due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses. *Murphy v. Carron*, at 32; Rule 73.-01(c)(1), (2).

The City of Fenton is a city of the fourth class in St. Louis County. The corporate respondent, J. Barleycorn's, Inc., is a Missouri corporation with its principal place of business in St. Louis County, and the individual respondent, Robert J. Cimasi, is also a resident of St. Louis County. J. Barleycorn's, Inc. was formed for the purpose of operating a restaurant and bar within the City's boundaries.

Respondents initially applied for a liquor license from the City in November, 1980 and subsequently, were denied on three separate occasions.

In January, 1981, respondents obtained liquor licenses from the State of Missouri and St. Louis County. Shortly thereafter, respondents began operating a bar and restaurant and selling liquor without a City license, and were charged with violating Ordinance No. 48. They were informed that if the sale of liquor without a City license continued, further summonses and complaints would be issued, which could ultimately result in an arrest. Later, respondents filed a petition for declaratory judgment on the ordinance and an injunction. Their request for a temporary restraining order was denied. Responding, the City countered for a nunc pro tunc order to correct the minutes of a special meeting of the Board of Aldermen held on March 12, 1960. Respondents' petition was submitted on stipulation and a nunc pro tunc hearing was ordered. Evidence

presented at the hearing revealed a special meeting of the City's Board of Aldermen was held on March 12, 1960, when Ordinance No. 48 was allegedly passed. Seven of the ten aldermen comprising the Board were present for the meeting. Prior to trial, two of the seven died, and four testified. The four remembered the ordinance passing and did not remember any aldermen voting against it.

The trial court found the testimony of the City's witnesses, due to the passage of time, was vague, uncertain, and lacking the credibility necessary for the court to enter an order nunc pro tunc correcting the Board's minutes to reflect the passage of Ordinance No. 48. The minutes of the special meeting on March 12, 1960 show an amendment to Ordinance No. 48 was passed, setting the price of a liquor license. The aldermen's names and their votes were duly recorded. Another amendment concerning the application form for a liquor license was similarly passed and the votes recorded. The only other reference to Ordinance No. 48 in the minutes is this statement: "As a result of the vote, Mayor Hitzert declared Ordinance No. 48 passed and enacted as an ordinance in the City of Fenton." There is no record of aldermen's names and their votes on final passage of the ordinance. The ordinance has been relied on for over twenty years.

The trial court, on March 25, 1981, after the nunc pro tunc hearing, entered judgment against the City, finding: (1) the City's evidence insufficient to permit the minutes of the meeting on March 12, 1960 changed nunc pro tunc; (2) Ordinance No. 48 void and unenforceable; (3) the City permanently enjoined from enforcing the ordinance; and (4) respondents entitled to reasonable attorney's fees, the amount to be determined at a subsequent hearing. A hearing to determine the amount of the attorney's fees was held on April 30, 1981 and respondents were awarded $15,000 attorney's fees.

The City, in its first point, contends the trial court erred in failing to enter a nunc pro tunc order correcting the City's records

because evidence in support of the order was unopposed, unrebutted, and consistent with case law allowing such orders. In essence, the City is contending that the judgment is against the weight of the evidence.

Section 79.130 RSMo (1978) describing the procedure a city of the fourth class must follow to enact an ordinance, provides in pertinent part:

"No ordinance shall be passed except by bill, and no bill shall become an ordinance unless on its final passage a majority of the members elected to the Board of Aldermen shall vote for it, and the ayes and nays be entered on the journal. . . ."

The procedure set forth in § 79.-130 RSMo (1978) is mandatory. Consequently, Ordinance No. 48 was not validly passed because of the failure to record the vote, i.e., the ayes and nays on final passage in the minutes; however, this defect may be cured by a nunc pro tunc order. *City of Independence v. Hare,* 359 S.W.2d 33, 37 (Mo.App.1962); *Steiger v. City of Ste. Genevieve,* 235 Mo.App. 579, 141 S.W.2d 233, 236 (1940).

The City relies on *Cunningham v. City of Butler,* 256 S.W.2d 767 (Mo.1953); *Frago v. City of Irondale,* 364 Mo. 500, 263 S.W.2d 356 (1954); and *Hare,* supra, as support for its contention that the judgment is against the weight of the evidence. In those cases there was substantial evidence to establish the enactment of the ordinance. Here, the evidence presented to the trial court does not rise to the same level. In *Cunningham, Frago,* and *Hare* a majority of the Board members testified in person or presented affidavits indicating their vote on the particular ordinance. Whereas, in the instant case, only four members of the ten member board testified, and the trial court found their testimony to be vague, uncertain, and lacking the necessary credibility. *See Briggs v. Baker,* 631 S.W.2d 948 (Mo. App.1982). Giving due regard to the trial court's findings in our review of the record, we conclude the trial court properly denied the nunc pro tunc order and declared the ordinance void and unenforceable.

■ The City, in its second point, contends that respondents, by applying for a license pursuant to the ordinance, waived any objection to its validity. The City relies on *Kirkwood Drug Co. v. City of Kirkwood,* 387 S.W.2d 550 (Mo.1965) in support of its position. Contrary to the City's contention, the court in *Kirkwood* did not rule on the merits of a waiver and only recognized that such an argument could exist, citing *St. Louis Public Service Co. v. City of St. Louis,* 302 S.W.2d 875 (Mo. banc 1957). Our Supreme Court in *St. Louis Public Service* held that one voluntarily proceeding under an ordinance, and claiming benefits thereby conferred, will not be heard to question its validity in order to avoid its burdens. *Id.,* at 879. Here, the respondents do not claim any benefits under the ordinance; they applied for the benefits but were denied.

The City also argues that the respondents, by not objecting when the license was first denied, waived any objection to the ordinance. In support of this contention, the City relies on *Frank v. Wabash Railroad Co.,* 295 S.W.2d 16 (Mo.1956) and *Anthonis v. Quinn,* 533 S.W.2d 691 (Mo.App. 1976), but its reliance is misplaced. *Frank* and *Anthonis* held that the first opportunity to object to the validity of an ordinance or statute occurs at the pleading stage. Here, the respondents raised the invalidity of Ordinance No. 48 in their initial petition which they filed following the issuance of the summons. The City's second point is meritless.

■ In its third point, the City contends the trial court's failure to recognize the validity of the ordinance is error because the ordinance had been relied upon for more than twenty years. The City relies on *Taylor v. Schlemmer,* 353 Mo. 687, 183 S.W.2d 913 (1944) as authority for their contention that an ordinance should be declared to be the law when it has been long accepted and recognized as law. The City's reliance on *Taylor* is misplaced. In *Taylor,* our Supreme Court refused to invalidate on procedural grounds, i.e., notice of hearing, a zoning ordinance, which had been relied on

for fourteen years. Here the issue concerns a substantive defect, i.e., failure to comply with the mandate of § 79.130 RSMo (1978). The City's failure to record the names and the votes renders the ordinance void. As a result, we find the City's third point is meritless.

The City's fourth point is that the trial court erred by issuing a permanent injunction since the respondents' petition failed to state a cause of action as a matter of law and the injunction entered violated Supreme Court Rule 92.02(d).

■ Count II of respondents' petition prayed for a permanent injunction restraining and enjoining the City from enforcing Ordinance No. 48 and from interfering with or harassing respondents in the operation of their business. Generally, a court of equity is without jurisdiction to interfere with the enforcement of the criminal law. *Burnau v. Whitten,* 642 S.W.2d 346 (Mo. banc 1982).

■ An exception to the rule exists where the criminal law in question is unconstitutional or otherwise invalid and attempted enforcement would constitute a direct invasion of property rights resulting in irreparable injury. The two elements, i.e., statutory invalidity and direct invasion of property rights resulting in irreparable injury, must be present and clearly appear. *Id.,* at 346.

■ The respondents contend that they received liquor licenses from the State of Missouri and St. Louis County, and therefore, have a property interest in the continued exercise of the rights granted by those licenses. The respondents' contention is meritless. Our Supreme Court in *Hann v. Fitzgerald,* 342 Mo. 1166, 119 S.W.2d 808 (1938), addressing this issue held, "the right to sell intoxicating liquor is not a natural right. . . . " Neither the revocation of licenses issued, nor the prosecution of plaintiffs constituted an invasion of their property rights. *Hann,* at 810. Therefore, injunctive relief was improper.

We conclude the trial court erred in granting the injunctive relief. It is not necessary to address the issue of compliance

 

with Rule 92.02(d). The City's fourth point is well taken.

The City's fifth point is that the trial court erred in awarding attorney's fees. In Missouri, attorney's fees are recoverable: (1) when authorized by statute or contract; (2) when a court of equity finds it necessary to award them in order to balance benefits; or (3) when they are incurred because of involvement in collateral litigation. *Gerst v. Flinn*, 615 S.W.2d 628, 631–32 (Mo.App.1981). In the case at bar, only the second criteria, that is, balancing of benefits, would be applicable. However, the equitable balancing of benefits by an award of attorney's fees occurs only if "very unusual circumstances" can be shown. *Dugger v. Welp*, 646 S.W.2d 907, 909 (Mo. App.1983). Respondents have failed to demonstrate any very unusual circumstances such as was found in *Johnson v. Mercantile Trust Company National Association*, 510 S.W.2d 33, 40–41 (Mo.1974). See also *Dugger*, at 910. The City's fifth point is well taken.

Since we have concluded that the award of attorney's fees is erroneous, we do not address the City's final point concerning the best evidence rule.

The City's sixth point is that the trial court had no authority to award attorney's fees at the hearing held on April 30, 1981, because the award was untimely, and violated Rules 73.01, 75.01, and 78.01. The City's contention assumes the decree on March 25, 1981 was a final judgment, but we do not concur. The March 25, 1981 order is not a final judgment because the trial court reserved the right to determine the amount of the attorney's fees at a later date. *See Oasis Car Wash, Inc. v. First North City Bank*, 558 S.W.2d 683 (Mo.App. 1977). The City's sixth point is without merit.

Accordingly, we affirm the trial court's judgment holding that Ordinance No. 48 is void and unenforceable, but we reverse the award of a permanent injunction and attorney's fees.

Judgment affirmed in part, and reversed in part.

CRIST, P.J., and GEORGE F. GUNN, Jr., Special Judge, concur.