# THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT, *v.* ROBERT H. MOSES, APPELLANT.

*Sabbath breaking — fishing on Sunday in a private pond by permission.*

In a prosecution of Robert H. Moses, charged with fishing on Sunday in a private lake, where he was by permission of the owner, it did not appear that he created any disorder or that he disturbed the peace, or that his acts were witnessed by anyone except the complainant.

*Held,* that he was properly convicted of a misdemeanor under section 265 of the Penal Code, prohibiting "all shooting, hunting, fishing, playing, horse-racing, gambling or other public sport, exercises or shows," on Sunday.

*Semble,* that it would be difficult to draw any distinction between a "public" fishing and a "private" fishing.

APPEAL by the defendant Robert H. Moses from a judgment of the Court of Sessions of Orange county, rendered on the 21st day of September, 1891, affirming a judgment of a Court of Special Sessions of the town of Warwick convicting him of the offense of Sabbath breaking.

*Matthew Daly*, for the appellant.

*M. H. Hirschberg*, for the respondent.

CULLEN, J. :

The defendant was convicted before a justice of the peace in Orange county of a misdemeanor, in fishing on Sunday, and fined five dollars. This appeal is from the judgment of the Court of Sessions affirming such conviction.

But one question is presented to us on this appeal. That the defendant was fishing on Sunday is conceded; that the lake where he fished was private property and that he had the privilege of fishing in it was also conceded. It is not shown that he created any commotion or disorder, or that his acts attracted or were witnessed by any person other than the complainant, or disturbed the peace. On these facts the plaintiff contends that he was guilty of no offense; that, under the authority of *People* v. *Denin* (35 Hun, 327), to constitute the crime the act must disturb the repose of the community. We think not. Section 265, Penal Code, prohibits " all shooting, hunting, fishing, playing, horse-racing, gambling or other public sport, exercises, pastimes or shows," It will thus be seen that while only public sports, exercises and pastimes are forbidden, all shooting, hunting and fishing, etc., are inhibited. The decision in *People* v. *Denin* proceeds on this distinction. In fact, it might be very difficult to draw any distinction between a " public " fishing or hunting and " private " fishing or hunting. The validity of such legislation cannot be questioned in this State. (*Nuendorf* v. *Duryea*, 69 N. Y., 557; *Lindmuller* v. *People*, 33 Barb., 548.)

The question of how far these restrictions should be carried is for the legislature, not for the courts.

Judgment and conviction appealed from affirmed.

BARNARD, P. J., and DYKMAN, J., concurred.

Conviction and judgment affirmed.