### CHADWICK PARK ATHLETIC CLUB v. PEASLEY, Sheriff.

(Supreme Court, Special Term, Albany County. June, 1913.)

INJUNCTION (§ 105*)—RESTRAINING ENFORCEMENT OF CRIMINAL LAW.

    Equity will not restrain a sheriff from interfering with Sunday baseball by an athletic club, intending to have Sunday baseball for the entertainment of its members; for, if the Sunday law is violated thereby, the sheriff must enforce the law, and if it is not violated, and he makes complaint, and causes arrests, he is responsible for any injury resulting.

    [Ed. Note.—For other cases, see Injunction, Cent. Dig. §§ 178, 179; Dec. Dig. § 105.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Action by the Chadwick Park Athletic Club against Wallace A. Peasley, as Sheriff of the County of Albany. Demurrer to complaint sustained.

William E. Woollard, of Albany, for plaintiff.
Frost, Daring & Warner, of Albany, for defendant.

HASBROUCK, J.   The plaintiff is a membership corporation, and has brought an action against the sheriff of Albany county, setting forth, among other things, in its allegations:

"That the objects of said plaintiff corporation are, and at all times herein mentioned were, the encouragement, advancement, and promotion of physical culture and development, athletic games and sports, the establishment and maintenance of a gymnasium for gymnastic exercises, the cultivation and development of physical training, and in pursuit of the attainments of said objects the plaintiff has ever since leased, operated, and controlled an athletic park known as 'Chadwick Park,' located in the town of Colonie, where it has a gymnasium fitted up for gymnastic exercises and physical training for the use of its members. That said plaintiff corporation * * * adopted a constitution and by-laws, * * * and its members have complied with and conformed to the provisions of said constitution and by-laws at all times. That application for membership is made in writing, * * * and upon the election of a member * * * a membership card is issued. That the plaintiff corporation has and does provide various entertainments for its members, consisting of boxing matches, foot races, and other exhibitions of gymnastics and athletics, and among them provides at times during the summer months an entertainment for its members on Sunday afternoon, consisting of an exhibition of the game of baseball. * * * That the plaintiff has arranged an entertainment * * * of the game of baseball between two baseball teams at its said Chadwick Park * * * on Sunday, June 1, 1913, and has incurred considerable expense therefor. That said Chadwick Park * * * is * * * far removed from all residences, the nearest residence thereto being further away from the field a distance of more than 1,500 feet. * * * That the public is excluded. That no persons except members * * * are admitted, * * * and no disturbance of the public peace nor the repose of the Sabbath is intended or will be made or allowed. That said plaintiff corporation intends as often as twice a month to give such entertainments on Sunday afternoons for the benefit of its members. * * * That said entertainments are not conducted for profit, directly or indirectly. * * * That no admission fee is charged or allowed to be paid, directly or indirectly, and no collection is taken up on the grounds, and no one is permitted to pay for said exhibition, directly or indirectly, or to pay for the witnessing thereof." That the sheriff "has notified the plaintiff and its officers that he will enter the grounds * * * of the plaintiff corporation * * * by force and with numerous deputies, and will by force, if necessary, prevent and interfere with the entertainment of the game of baseball by the plaintiff on June 1st, * * * and if the exhibitions are continued * * * will arrest and have arrested all the participants, so that the exhibition of said game will not be allowed to continue, and threatened to so conduct himself at all future exhibitions. * * * That the plaintiff will sustain irreparable loss and damage by reason thereof, and will be deprived of the entertainment, and will have lost the amount of a considerable expense thereof, without a remedy at law against the defendant, or any other person acting for him, for damages incurred by reason of said interference," etc.

To this complaint the defendant has demurred, upon the ground that it does not state a cause of action.

From whatever motive entertained by the Legislature, whether from the desire to foster in the hearts of the people the development of their

religious and worshipful natures and the love of God, whether as a protection to the health and strength of those who toil, and thus a police regulation, whether a sane economic remedy against poor workmanship and indifferent products or whether to promote the peace and good order of society, there have been enacted laws against the "breaking of the Sabbath," and for the "observance of the Sabbath." Section 70, c. 20, art. 8, Revised Statutes 1830. The particular law regulating the subject of public sports on Sunday and "playing," etc., reads as follows:

Penal Code:

"Sec. 2140. The first day of the week being by general consent set apart for rest and religious uses, the law *prohibits* the doing on that day of *certain acts* hereinafter specified, *which are serious interruptions of the repose and religious liberty of the community.*"

"Sec. 2143. Labor prohibited on Sunday. * * *"

"Sec. 2145. Public Sports on Sunday.—All shooting, hunting, fishing, playing, horse racing, gaming or other public sports, exercises or shows. * * *"

The use of the words "and other public sports" in section 2145 raises the implication that shooting, hunting, fishing, playing, horse racing, and gaming are "public sports," and as such are offensive to the law, because they are stated to be "serious interruptions of the repose and religious liberty of the community." This was the view set forth by the court in People v. Moses, 65 Hun, 162, 20 N. Y. Supp. 9, in which Cullen, J., now Chief Judge of the Court of Appeals, said:

"The plaintiff contends that he was guilty of no offense; that under the authority of People v. Dennin, 35 Hun, 327, to constitute the crime the act must disturb the repose of the community. We think not. Section 265, Penal Code (now 2145), prohibits 'all shooting, hunting, fishing, playing, horse racing, gambling or other public sports, exercises, pastimes or shows.' It will thus be seen that, while only public sports, exercises, and pastimes are forbidden, all shooting, hunting, and fishing [playing], etc., are inhibited."

People v. Moses was affirmed by the Court of Appeals, and Judge Earl, writing for three of the four affirming judges, said:

"That playing ball by several persons in a place open to the view of the people who may be in the vicinity, or who may pass by, is condemned by the principles which lie at the bottom of the Sunday laws, and is an act of playing within the statute, cannot be doubted." People v. Moses, 140 N. Y. 214, 35 N. E. 499.

It is quite apparent that the divergence of view in that court hinges upon whether such "playing" was inhibited at any and all events, or whether it was inhibited only when it interrupted the repose and religious liberty of the community. The memorandum of Judge Maynard shows that a majority of the court—that is, himself and the three dissenting members—were of the opinion that to make fishing, playing, etc., violative of the statute they must be done under such circumstances as to constitute a serious interruption of the repose and religious liberty of the community. See, also, People v. Dennin, 35 Hun, 327; People ex rel. Poole v. Hesterberg, 43 Misc. Rep. 510, 89 N. Y. Supp. 498.

This being so, it is the duty of the police officers to ascertain whether baseball is played on Sunday respectful of the repose and religious

liberty of the community or violative thereof. This duty involves the enforcement of the criminal law. Matter of Rupp, 33 App. Div. 468, 53 N. Y. Supp. 927. To restrain the police officer in his duty by injunction would amount to ousting him of his office. Equity, suffering invocation in such an action, would be breaking the confines of its ancient domain and entering the field amply occupied by the criminal law. This is not sanctioned, unless there occurs some invasion of the property rights of the owner. High on Injunctions (4th Ed.) § 68.

In the case at bar there is no substantial claim of injury to the property of the plaintiff beyond entry for the purpose of enforcing the law. If the Sunday law is being violated, it is the duty of the defendant to cause the violators to be apprehended and punished. If it is not being violated, the sheriff makes complaint and arrest at his peril. For any injury he may do he becomes responsible, and the plaintiff has such protection as the law provides for wrongful prosecution and imprisonment. Werner, J., writing for the Court of Appeals in Delaney v. Flood, 183 N. Y. 323, 76 N. E. 209, 2 L. R. A. (N. S.) 678, 111 Am. St. Rep. 759, 5 Ann. Cas. 480, says:

"If equity will not intervene in behalf of a concededly lawful business of a fixed and unchanging character to prevent the criminal prosecution of some alleged unlawful act in its conduct, how can such intervention be justified in a case where the business itself, even when lawfully conducted, exists by mere sufferance of law, or where it is of such a character that it may be lawful or unlawful at the will of him who conducts it. Such a situation * * * in its very nature cannot be adequately dealt with by a court of equity. * * * The whole subject may be briefly summed up in the statement that we see nothing in the case at bar to take it out of the ordinary rule that equity will not interfere to prevent the enforcement of the criminal law." Davis v. American Society, 75 N. Y. 362; In re Sawyer, 124 U. S. 200, 8 Sup. Ct. 482, 31 L. Ed. 402.

Under the foregoing principles, this action in equity cannot be maintained.

Demurrer sustained.