DANIEL HANN ET AL. v. THOMAS F. FITZGERALD, Supervisor of Liquor Control for the State; RICHARD SURKAMP, Assistant Supervisor of Liquor Control for the State; ALBERT BOND LAMBERT, President of the Board of Police Commissioners of the City of St. Louis; SAMUEL H. LIBERMAN, THOMAS L. FARRINGTON and OTTO F. HARTING, Members of the Board of Police Commissioners of the City of St. Louis; JOHN H. GLASSCO, Chief of Police of the City of St. Louis, and JOHN CARROLL, Chief of Detectives of the City of St. Louis, Appellants.—119 S. W. (2d) 808.

Court en Banc, September 6, 1938.*

---

*NOTE: Opinion filed at the May Term, 1938, August 8, 1938; motion for rehearing filed; motion overruled at September Term, September 6, 1938.

*Roy McKittrick,* Attorney General, *E. H. Miller,* Assistant Attorney General, *Edgar H. Wayman* and *Oliver Senti* for appellants.

*Godfrey, Schurr & Taylor* for *amicus curiae.*

GANTT, J.—Action to enjoin the State Supervisor of Liquor Control, Board of Police Commissioners, Chief of Police, Chief of Detectives of the City of St. Louis and their subordinates from enforcing the Sunday provisions of the Intoxicating Liquor Act, Laws of Mo. 1935, page 267, l. c. 272. The judgment enjoined the defendant officials from interfering with the saloonkeepers selling non-intoxicating beer on Sunday. Defendants appealed.

The action was instituted by three hundred saloonkeepers. One hundred and fifty saloonkeepers intervened. All of them are licensed to sell intoxicating liquors. The petition of the interveners is substantially the same as the petition of the plaintiffs.

It will not be necessary to summarize the pleadings in view of the stipulation, which follows:

"It is hereby stipulated and agreed by and between the parties plaintiff and the parties defendant and the parties to the interpleader in this action that the only injunctive relief, if any, to be granted by this Court in this cause shall be to restrain the defendants from interfering with the sale by plaintiffs and interveners of non-intoxicating beer, having an alcoholic content under 3.2 percent by weight, on the first day of the week commonly called Sunday."

The provisions of the act (Laws 1935, pp. 267, 272, 275) for consideration follow:

"Sec. 15. No person having a license under the provisions of this act shall sell, give away or otherwise dispose of, or suffer the same to be done upon or about his premises, any intoxicating liquor in any quantity on the first day of the week, commonly called Sunday. . . ."

"Sec. 22, *Provided, however,* that no licensee holding a license to sell malt liquor containing alcohol in excess of three and two-tenths per cent (3.2%) by weight or any other kind or character of intoxicating liquor, shall sell, give away or otherwise dispose of or suffer the same to be done in, upon or about his premises any non-intoxicating beer in any quantity, either in the original package or by the drink, on the first day of the week, commonly called Sunday."

"Sec. 43. Violation a misdemeanor—penalty.—Any person vio-

lating any of the provisions of this Act, except where some penalty is otherwise provided, shall upon conviction thereof be adjudged guilty of a misdemeanor and punished by a fine of not less than Fifty ($50.00) Dollars, nor more than One Thousand ($1000.00) Dollars, or by imprisonment in the county jail for a term not exceeding one year, or by both such fine and jail sentence."

It is the general rule that a court of equity is without jurisdiction to interfere with the enforcement of the criminal law. However, an exception to the rule is stated as follows:

"It is only where the statute or ordinance is unconstitutional or otherwise invalid and where in the attempt to enforce it there is a direct invasion of property rights resulting in irreparable injury that an injunction will issue to restrain the enforcement thereof. Both of these elements are indispensable, and the latter element is not present where it appears that the injury or loss to plaintiff's business or rights of property would be only such as would incidentally flow from the arrest and prosecution thereunder." [32 C. J., sec. 443, p. 280.]

The exception is recognized by this court in State ex rel. v. Wood, 155 Mo. 425, 56 S. W. 474; Merchants Exchange et al. v. Knott et al., 216 Mo. 616, 111 S. W. 565; State ex rel. v. Hall, 297 Mo. 594, 250 S. W. 65, and Wellston Kennel Club v. Castlen, 331 Mo. 798, 804, 55 S. W. (2d) 288.

The petition alleged that the provision of said act prohibiting plaintiffs and interveners from selling non-intoxicating beer is unconstitutional for reasons as follows: "(1) In that it endeavors to regulate in an unlawful manner the traffic and trade in a commodity against the terms and the provisions of the Constitution of the State of Missouri and of the United States. (2) In that it endeavors to distinguish against these plaintiffs as a class against the terms of the Constitution of the State of Missouri and of the United States."

Thus it appears that the petition alleged a violation of no provision of the Constitution. In this situation the record presents no constitutional question. [State v. Campbell, 259 S. W. 430.]

Even so, amicus curiae contends that the act deprives plaintiffs and interveners of their property without due process of law. [Art. II, Sec. 30, Const. of Mo.]

The right to sell intoxicating liquor is not a natural right. The State may impose limitations, conditions, burdens and responsibilities upon those engaged in the traffic. [State v. Parker Distilling Co., 236 Mo. 219, 139 S. W. 453; State v. Bennett, 315 Mo. 1267, 288 S. W. 50.] If so, neither the revocation of the licenses issued to plaintiffs and interveners nor the prosecution of plaintiffs and interveners for selling non-intoxicating beer on Sundy could be an invasion of their property rights.

Amicus curiae also contends that the act under consideration

violates Section 28, Article 4 of the Constitution, which provides that "no bill . . . shall contain more than one subject, which shall be clearly expressed in its title."

It is argued that the act undertakes to regulate both the sale of intoxicating liquor and the sale of non-intoxicating beer on Sunday, and for that reason the act contains more than one subject. We do not think so. The Legislature intended by Section 22 of the act to prohibit the saloonkeeper from selling intoxicating liquor on Sunday while pretending to sell only non-intoxicating beer on said day. In other words, said section is not a regulation of the sale of non-intoxicating beer. It is a regulation of the conduct of those licensed to sell intoxicating liquor and does not violate Section 28, Article IV of the Constitution.

The petitions did not state a cause of action in equity, and the judgment should be reversed and the cause remanded with directions to dismiss the petitions of plaintiffs and interveners. It is so ordered. All concur.

