**DICKINSON OPERATING CO., Inc., a Corporation, Respondent,**

v.

**CITY OF KANSAS CITY, Missouri, a Municipal Corporation, et al., Appellants.**

No. 22867.

Kansas City Court of Appeals.

Missouri.

Nov. 3, 1958.

Benj. M. Powers, John J. Cosgrove, Herbert C. Hoffman, Elmo M. Hargrave, Kansas City, for appellants.

J. K. Owens, James H. Anderson, Kansas City, for respondent.

SPERRY, Commissioner.

Dickinson Operating Co., a corporation, plaintiff, instituted a suit in equity in the Circuit Court of Jackson County, naming as defendants the City of Kansas City, Missouri, H. Roe Bartle, Mayor, Hayes A. Richardson, Director of Welfare, Bernard Brannon, Chief of Police, and the municipal police department. Plaintiff prayed that defendants be enjoined and restrained from interfering or molesting plaintiff in the exhibiting or showing of the film known as the "Garden of Eden", in its picture theatres in Kansas City, Missouri. The Court heard evidence and rendered judgment for plaintiff, enjoining and restraining defendants from interfering with the showing of the picture in the picture show houses of Kansas City. Defendants appealed to the Supreme Court.

The Supreme Court held that it was without jurisdiction to hear and determine the cause, and ordered it transferred to this Court, where it was argued and submitted.

■ Defendants contend that a court of equity is without jurisdiction to interfere with the enforcement of the criminal law, unless the ordinance or statute declaring the crime is unconstitutional or otherwise invalid.

At the time this suit was instituted there was in effect, in Kansas City, Ordinance No. 51–2 which, briefly stated, made it unlawful to exhibit or perform on any stage or in any theatre any obscene, lewd, indecent or immoral play, act, motion picture, or film. There was evidence to the effect that Kansas City's officers and agents informed plaintiffs that if the "Garden of Eden" were exhibited said officers and agents would consider it to be a violation of the ordinance and that legal action would be taken against plaintiff and its agents participating in said exhibition. Plaintiff did not set out said ordinance in its pleadings and did not make therein any allegation as to how, or in what manner, said ordinance is unconstitutional or invalid. Since the Supreme Court has transferred the cause to this Court we must assume that no constitutional question was presented in this case; and no allegation of invalidity on any other theory is contained in the pleadings, or in the briefs.

In Hann v. Fitzgerald, 342 Mo. 1166, 119 S.W.2d 808, 809, the Supreme Court, en banc, held as follows:

"It is the general rule that a court of equity is without jurisdiction to interfere

with the enforcement of the criminal law. However, an exception to the rule is stated as follows: "It is only where the statute or ordinance is unconstitutional or otherwise invalid and where in the attempt to enforce it there is a direct invasion of property rights resulting in irreparable injury that an injunction will issue to restrain the enforcement thereof. Both of these elements are indispensable, and the latter element is not present where it appears that the injury or loss to plaintiff's business or rights of property would be only such as would incidentally flow from the arrest and prosecution thereunder". To the same effect see Wellston Kennel Club v. Castlen, 331 Mo. 798, 55 S.W.2d 288, 289–290.

The Circuit Court was, therefore, without jurisdiction to enjoin and restrain defendants from acting in their official capacities under the ordinance of the City.

Plaintiff contends, in its brief on appeal, that its petition is founded on Section 527.020, RSMo 1949, V.A.M.S., of the declaratory judgments act. There is no authority, under that section, for the issuance of a writ of injunction. Plaintiff did not ask the Court to construe the ordinance. It prayed that defendants be enjoined from interfering with its exhibition of the picture, "Garden of Eden". The prayer was for a judgment enjoining and prohibiting the enforcement of the ordinance. The judgment was directly responsive to the pleadings.

The judgment should be reversed and the cause remanded with directions to dismiss the petition.

PER CURIAM.

The foregoing opinion of SPERRY, C., is adopted as the opinion of the court. The judgment should be reversed and the cause remanded with directions to dismiss the petition.

All concur.