STATE of Missouri ex rel. Thomas F. EAGLETON, Attorney General of the State of Missouri, and Lawrence F. Gepford, Prosecuting Attorney for Jackson County, Missouri, Relators,

v.

Honorable Joe W. McQUEEN, Judge of the Circuit Court of Jackson County, Missouri, at Kansas City, Respondent.

No. 50435.

Supreme Court of Missouri,

En Banc.

May 11, 1964.

Thomas F. Eagleton, Atty. Gen., Lawrence F. Gepford, Pros. Atty. for Jackson County, Arthur R. Tucker, Samuel H. Liberman, Charles L. Edson, Lewis, Rice, Tucker, Allen & Chubb, St. Louis, Sp. Counsel, for relators.

Stinson, Mag, Thomson, McEvers & Fizzell, D. Brook Bartlett, Lawrence R. Brown, Kansas City, for respondent.

STORCKMAN, Judge.

This is an original proceeding for a writ to prohibit the Circuit Court of Jackson County from taking any action to enforce its order temporarily enjoining the relators from enforcing Section 563.721, RSMo Supp.1963, V.A.M.S., Laws 1963, Senate Bill No. 49, which became effective on October 13, 1963, and is sometimes referred to as the Sunday Sales Act.

On August 26, 1963, Katz Drug Company, a corporation engaged in selling drugs and many other items at retail in Jackson and other counties in Missouri, filed a declaratory judgment action against the prosecuting attorney of Jackson County. Thereafter, the attorney general was permitted to intervene and became a party defendant. The petition sought a temporary and a permanent injunction to prevent the defendants from attempting to enforce the Act and further prayed for a declaration and determination that the Act violated the Constitution of Missouri and was void. An order to show cause was issued and the defendants filed their return. A hearing was held and thereafter on October 9, 1963, the circuit court issued a temporary injunction restraining and enjoining the defendants from enforcing or attempting to enforce the Act against the plaintiff Katz until final determination of its constitutionality by the Supreme Court of Missouri or until further order of the circuit court.

On October 9, 1963, the attorney general and the prosecuting attorney, as relators, filed in this court their petition for a writ of prohibition. A preliminary rule in prohibition was issued against the respondent circuit judge on the following day. The return to the preliminary rule alleges "that relators ought not to have a Writ of Prohibition herein because the facts stated in the petition and appearing in the Transcript of the Evidence (Exhibit 6 to the petition) show, as a matter of law, the respondent has not exceeded his authority or jurisdiction and that he had the legal authority to issue the temporary injunction he has issued and to enforce the same which relators seek to prohibit him from doing." Thereafter, the relators filed a motion for judgment on the pleadings on the ground "that as a matter of law relators are entitled to judgment making absolute the preliminary rule in prohibition."

Gem Stores, Inc., v. O'Brien, Mo., 374 S.W.2d 109, decided by this court en banc on December 9, 1963, disposed of some of the issues presented by Katz in its petition for a declaratory judgment. The Gem case held that the Sunday Sales Act was not violative of the due process and equal protection provisions of the State and Federal Constitutions and that it was not a "special law" in violation of the Constitution of Missouri. The respondent in this action does not undertake to relitigate those issues. The only constitutional question presented by the respondent is that the Act is so vague and indefinite that citizens cannot ascertain or be informed of its meaning contrary to the due process provision of Art. 1, § 10, of the Missouri Constitution, V.A.M.S., and in violation of the right of a person accused in a criminal proceeding to demand the nature and cause of the accusation against him as provided by Art. 1, § 18(a) of the Missouri Constitution. It is further contended that the respondent properly exercised his discretion in issuing the temporary injunction. We will first consider the constitutional question.

The respondent attacks as vague and uncertain the terms used in the Act to describe the articles of merchandise, the sale of which is prohibited on Sunday as well as the categories of merchandise excluded from the prohibition. The pertinent por-

tions of the Act, now § 563.721, are as follows:

"1. Whoever engages on Sunday in the business of selling or sells or offers for sale on such day, at retail, motor vehicles; clothing and wearing apparel; clothing accessories; furniture; housewares; home, business or office furnishings; household, business or office appliances; hardware; tools; paints; building and lumber supply materials; jewelry; silverware; watches; clocks; luggage; musical instruments and recordings or toys; excluding novelties and souvenirs, is guilty of a misdemeanor and shall upon conviction for the first offense be sentenced to pay a fine of not exceeding one hundred dollars, and for the second or any subsequent offense be sentenced to pay a fine of not exceeding two hundred dollars or undergo confinement not exceeding thirty days in the county jail in default thereof.

"2. Each separate sale or offer to sell shall constitute a separate offense.

"3. Information charging violations of this section shall be brought within five days after the commission of the alleged offense and not thereafter.

"4. The operation of any place of business where any goods, wares or merchandise are sold or exposed for sale in violation of this section is hereby declared to be a public and common nuisance."

■ The basic question is whether Katz can on Sunday lawfully engage in the business of selling or offering for sale the classes of merchandise described in § 563.721. This presents a justiciable controversy under the Declaratory Judgment Act in which Katz has a legally protectible interest, and it is not necessary for the seller to be charged with a violation in order to have the constitutionality of the Act determined. Section 527.020 RSMo 1959, V.A.M.S.; Gem Stores, Inc., v. O'Brien, Mo., 374 S.W. 2d 109, 113 [1]; Chaffin v. Christian County, Mo., 359 S.W.2d 730, 732 [3]; Terrace

v. Thompson, 263 U.S. 197, 215–216, 44 S. Ct. 15, 68 L.Ed. 255. Since the issue of vagueness is the only specification of unconstitutionality presented and briefed in this proceeding, other grounds alleged in the petition of Katz for a declaratory judgment will be deemed to be abandoned and we will not undertake to decide them.

The petition for a declaratory judgment states in general terms that the Sunday Sales Act "is so vague, indefinite and uncertain as to make unascertainable the items of merchandise that can and that cannot be sold and the standards of conduct required and the nature and cause of acts complained of as violative thereof as to deprive plaintiff and others of their liberty and property without due process of law and is therefore violative of Section 10 and Section 18(a) of Article I of the Constitution of Missouri." At the hearing on the order to show cause, Mr. John A. Roach, senior vice-president and director of operations for Katz Drug Company, testified that the Company handled some items in all of the categories named in the Act except motor vehicles, and if the new law was enforced Katz would have to close some of its stores on Sunday. He specifically claimed that there was doubt and uncertainty as to whether certain items of merchandise should be classified as clothing, wearing apparel, hardware, toys, souvenirs and novelties, and therefore prohibited or permitted under the Act. Other items were mentioned in argument as illustrative. On the other hand, Mr. Roach made knowledgeable use of these terms in describing the departments of the Company's stores and location of merchandise in them. The evidence is not persuasive that any real dilemma results from the terms used in the Act.

■ A state statute is presumed to be constitutional and it will not be held otherwise unless it clearly and undoubtedly contravenes some constitutional provision. Hickey v. Board of Education of City of St. Louis, 363 Mo. 1039, 256 S.W.2d 775, 778 [11]; Walters v. City of St. Louis, 347 U.

S. 231, 237–238, 74 S.Ct. 505, 98 L.Ed. 660; 16 C.J.S. Constitutional Law § 98b, p. 359.

■ The standards for determining the constitutional sufficiency of a statute against an attack on the ground of vagueness are quite well established. The general rule is that a statute creating and defining a criminal offense "must be sufficiently explicit, in its description of the acts, conduct or conditions required or forbidden, to prescribe the elements of the offense with reasonable certainty, fix an ascertainable standard of guilt, and make known to those to whom it is addressed what conduct on their part will render them liable for its penalties, and not be so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application." 16A C.J.S. Constitutional Law § 580, p. 625. The cases generally hold that if the words or terms used in a statute are of common usage and understandable by persons of ordinary intelligence they will satisfy the constitutional requirement as to definiteness and certainty. See State v. Becker, 364 Mo. 1079, 272 S.W.2d 283, 288 [7]; McGowan v. Maryland, 366 U.S. 420, 428, 81 S.Ct. 1101, 6 L.Ed.2d 393; Boyce Motor Lines v. United States, 342 U.S. 337, 72 S.Ct. 329, 330–331 [1, 2], 96 L.Ed. 367; Winters v. New York, 333 U.S. 507, 515, 68 S.Ct. 665, 92 L.Ed. 840; and Connally v. General Construction Co., 269 U.S. 385, 391, 46 S.Ct. 126, 70 L.Ed. 322.

The fact that "there may be marginal cases in which it is difficult to determine the side of the line on which a particular fact situation falls is no sufficient reason to hold the language too ambiguous to define a criminal offense." United States v. Petrillo, 332 U.S. 1, 7, 67 S.Ct. 1538, 91 L.Ed. 1877. See also United States v. National Dairy Corp., 372 U.S. 29, 83 S.Ct. 594, 9 L.Ed.2d 561, and State v. King, Mo., 303 S.W.2d 930, 934. Nothing has been suggested which would make the Sunday Sales Act incomprehensible to a person seeking to comply with rather than to evade the law. This is especially true of persons possessing merchandising skill and commercial knowledge.

■ The terms of the Act to which the respondent objects are generic words in common usage and having well defined meanings. They describe classes, orders, or kinds of merchandise. With two exceptions they describe the categories of merchandise which cannot be sold lawfully on Sunday. In the converse situation, this court had no difficulty in finding that the categories of "drugs and medicines" and "provisions" in the previous law were not unconstitutionally vague and indefinite. The fatally defective term was "or other articles of immediate necessity." State v. Katz Drug Company, Mo., 352 S.W.2d 678, 680–681, and Harvey v. Priest, Mo., 366 S.W.2d 324, 328. Such also was the case in State v. Hill, 189 Kan. 403, 369 P.2d 365, 372 [11], 91 A.L.R. 2d 750. The use of generic terms in legislation is commonplace and generally approved. See for example Section 301.010, RSMo 1959, V.A.M.S.

We find that the Act is sufficiently clear and definite to inform and warn a person of common intelligence of the kind of merchandise and commodities that cannot lawfully be sold on Sunday. The claim that the Act is unconstitutional because of vagueness is without merit and is denied in all particulars.

■ Generally a court of equity is without jurisdiction to interfere with the enforcement of the criminal law. Hann v. Fitzgerald, 342 Mo. 1166, 119 S.W.2d 808, 809 [1]; Wellston Kennel Club v. Castlen, 331 Mo. 798, 55 S.W.2d 288, 289 [1]; 28 Am.Jur., Injunctions, § 188, p. 691; 43 C.J.S. Injunctions § 156, p. 768. As further shown by these authorities, an exception to the general rule exists where the criminal law in question is unconstitutional or otherwise invalid and the attempted enforcement would constitute a direct invasion of property rights resulting in irreparable injury. The two elements of statutory invalidity and irreparable injury must both be present and clearly appear in order for the

exception to be effective. Hann v. Fitzgerald, 342 Mo. 1166, 119 S.W.2d 808, 809 [1–3]; 43 C.J.S. Injunctions § 158, p. 776. Neither the pleading nor the proof in this case is sufficient to invoke the exception.

■ As to the attack upon the constitutionality of the Act, there was, as we have noted, a presumption that the Act was constitutional. Furthermore, on May 29, 1961, the Supreme Court of the United States decided four cases involving the constitutionality of Sunday selling or closing laws. These cases are cited and discussed in Gem Stores, Inc., v. O'Brien, Mo., 374 S.W.2d 109, 113. The Missouri Sunday Sales Act is patterned after the Pennsylvania law which was held not to be violative of due process and equal protection of the law in Two Guys from Harrison-Allenton, Inc., v. McGinley, 366 U.S. 582, 81 S.Ct. 1135, 6 L.Ed.2d 551. While Two Guys did not consider the issue of vagueness, another one of the cases decided on the same day did. McGowan v. Maryland, 366 U.S. 420, 428, 81 S.Ct. 1101, 6 L.Ed.2d 393, held that the Maryland law which exempted retail sales of "merchandise essential to, or customarily sold at, or incidental to, the operation of" bathing beaches and amusement parks was not so vague as to violate the due process clause of the 14th Amendment of the United States Constitution. Katz filed its injunction suit on August 26, 1963, more than two years after these cases were decided by the United States Supreme Court.

With regard to irreparable injury, the petition of Katz Drug Company alleged in substance that the Company had invested large sums of money in its business on the theory that it could and would operate seven days a week, that its business was seasonal in nature, and that it "will be greatly damaged and handicapped unless the enforcement of the said law is restrained pending final adjudication and determination of the matters and issues herein set forth." The Sunday Sales Act does not require stores to close on Sunday, only that they do not sell merchandise of the forbidden kind on that day. The pleadings and proof do not disclose any injury or damage distinct and different than that suffered by other merchants and the public generally. This falls short of showing that the remedy at law is inadequate. Hann v. Fitzgerald, 342 Mo. 1166, 119 S.W.2d 808, 809 [3]. These cases have held that an injunction will not lie to restrain prosecutions for violations of Sunday laws: Palmetto Golf Club v. Robinson, 143 S.C. 347, 141 S.E. 610; Kenny v. Martin, 11 Misc. 651, 32 N.Y.S. 1087; Chadwick Park Athletic Club v. Peasley, Sup., 142 N.Y.S. 586.

Since neither the pleading nor proof was sufficient to establish an exception to the general rule, the trial court was without jurisdiction to enjoin the relators from enforcing the Sunday Sales Act. State ex rel. Castlen v. Mulloy, 331 Mo. 776, 55 S.W.2d 294 [1]; State ex rel. Chicago Cardinals Football Club, Inc., v. Nangle, Mo., 369 S.W.2d 167.

The preliminary rule in prohibition is made absolute.

All concur.