**S. S. & W., INC., et al., Appellants,**

v.

**KANSAS CITY, Missouri, et al., Respondents.**

**No. 58271.**

Supreme Court of Missouri, Division No. 1.

Oct. 14, 1974.

Motion for Rehearing or to Transfer to Court En Banc Denied Nov. 12, 1974.

Errol Copilevitz, Koenigsdorf, Kaplan, Kraft, Fox & Kusnetzky, Kansas City, and Arthur A. Benson, II, Kansas City, for appellants.

Aaron A. Wilson, City Counselor, Dan G. Jackson, III, Associate City Counselor, Kansas City, for respondents.

WELBORN, Commissioner.

Action for declaratory judgment that Kansas City obscenity ordinance is invalid and to enjoin its enforcement. Trial court found ordinance valid and refused relief. Plaintiffs appealed.

S. S. & W., Inc., d/b/a Danish World and Peeping Tom's, and Central News brought action for declaratory judgment regarding the validity of Kansas City's obscenity ordinance, §§ 26.141 to 26.144 of the Code of General Ordinances. Plaintiffs described themselves as "engaged in the business of operating commercial movie exhibition houses, and book stores for adults only in and around Kansas City, Missouri."

The petition charged that the ordinance "is discriminatory, unreasonable and invalid" for numerous reasons. The allegations of the petition made no reference to any provisions of either the federal or state constitutions. The prayer did request that the ordinance be declared "contrary to the statutes and constitution of the State of Missouri and United States." No specification of constitutional provisions relied upon appears in the petition.

Ellwest Stereo Theatres of Kansas City, Inc., describing itself as a potential operator of "a commercial movie exhibition house for adults only," was permitted to intervene and filed an intervening petition and added the following specific reason for declaring the ordinance invalid:

"4. * * * [S]aid Ordinance * * is void and unconstitutional and in violation of the First, Fifth and Fourteenth Amendments of the Constitution of the United States and in violation as well of the Constitution of the State of Missouri in the following respects:

"(a) Said ordinance fails to provide therein any guidelines for enforcement of same and specifically omits any requirements for judicial determination of obscenity prior to the issuance of an arrest summons or prior to the seizure of alleged obscene material.

"(b) Section 26.144 is illegal, arbitrary and discriminatory and utterly vague and indefinite in attempting to establish guidelines for interpretation of the ordinance, said alleged guidelines at best being subject

to constant change, interpretation and reinterpretation."

XLNT Corporation, Tallmark Corporation, Ray Cain, d/b/a Over 21 Bookstore, and Strand Art Theater, Inc., also operators of adult movie theaters, were granted leave to intervene and filed intervening petitions along the lines of that filed by Ellwest. The transcript contains answers to intervening petitions of Joter, Inc., and Eros Theatre Corporation, but the petitions of those intervenors do not appear. In this court, on their motion, W. D. W., Inc., d/b/a Swingers Adult Bookstore, and Atla Theatres, Inc., d/b/a Atla Theatre, were added as parties plaintiff and appellant.

Insofar as the transcript shows, the cause was submitted on the petition, intervening petitions, defendants' answers, generally denying allegations of the petitions, a stipulation of facts to the general effect that plaintiffs were operators of commercial movie exhibition houses and bookstores and that employees of plaintiffs had been arrested for violation of the ordinance, resulting in fines and jail sentences, and affidavits concerning procedures for enforcement of the ordinance.

The trial court rejected plaintiffs' objections. It found that the ordinance prescribed adequate standards under Roth v. United States, 354 U.S. 476, 77 S.Ct. 1304, 1 L.Ed.2d 1498 (1957), and that the procedure for its enforcement was valid. This appeal followed.

■ The ordinance here involved is that recently considered by the Court en Banc in City of Kansas City v. O'Connor, 510 S.W.2d 689 (Mo. banc 1974). That case found that the standards for determination of what is obscene, laid down by the ordinance, adequately met constitutional safeguards prescribed by the United States Supreme Court, particularly in Kaplan v. California, 413 U.S. 115, 93 S.Ct. 2680, 37 L.Ed.2d 492 (1973), and United States v. 12 200-Ft. Reels of Film, 93 S.Ct. 2665, 37 L. Ed.2d 500, 413 U.S. 123 (1973). That con-

clusion adequately supports the conclusion of the trial court on that issue.

■ Appellants here have briefed other attacks on the constitutionality of the ordinance under federal and state constitutions. However, with the exception of the two issues to be considered later, no proper constitutional issues were raised by the petitioners, because they failed to state the constitutional provisions allegedly violated by the ordinance. In Hann v. Fitzgerald, 342 Mo. 1166, 119 S.W.2d 808, 810 [4] (banc 1938), the court stated:

"Thus it appears that the petition alleged a violation of no provision of the constitution. In this situation the record presents no constitutional question. State v. Campbell, Mo.Sup., 259 S.W. 430."

■ The ordinance is also attacked here on the grounds that the city may not enact an obscenity ordinance because the State of Missouri has preempted the field, that the ordinance conflicts with state statutes and that it constitutes an unlawful delegation of the police power. No such allegations are to be found in the plaintiffs' or intervenors' petitions and they will not be considered on this appeal.

The two constitutional issues raised in the intervening petitions relate to the adequacy of the procedure for enforcement of the ordinance and the effect of § 26.144, referred to in the dissenting opinion of Seiler, J., in City of Kansas City v. O'Connor, supra.

Dealing with the second contention, § 26.144 of the ordinance provides:

"In construing the meaning of the terms or phrases used in this article which relate to Federal Constitutional Principles, only such meanings or inclusion shall be adopted as have been settled by controlling majority adopted opinions of the Supreme Court of the United States and not otherwise where such opinions exist; provided further, it is the intent of this article not to adopt any non-controlling personal

views or opinions of any justice or a number thereof less than the majority of the Supreme Court of the United States."

This provision is attacked as "illegal, arbitrary, discriminatory and utterly vague and indefinite" and as attempting to adopt guidelines "at best * * * subject to constant change, interpretation and reinterpretation."

■■ There can be little doubt that decisions of the Supreme Court of the United States in recent years have created uncertainty regarding the effect of federal constitutional provisions upon state and local efforts to control obscenity. No good purpose would here be served by an attempt to chart the uncertain course of the decisions by that court on the subject. One thing is obvious. Insofar as federal constitutional guaranties are relied upon, state and local authorities are obligated to follow the Supreme Court's determination of the effect of federal constitutional guaranties and limitations. With or without § 26.144, Kansas City law enforcement officers and courts considering cases under the Kansas City ordinance would be so limited. Therefore, § 26.144 amounts to nothing more than a declaration of what would be required of such officials in any event.

Furthermore, a finding that § 26.144 is invalid would not require a finding of invalidity of the entire ordinance. The doctrine of severability would permit the remainder of the ordinance to stand, authoritatively construed in the manner § 26.144 directs.

■ Insofar as the procedural question is concerned, the plaintiffs submitted two affidavits alleging that in 1971 allegedly obscene films were seized by police officers without a warrant and that trials of persons charged with violation of the ordinance by exhibiting such films did not occur for nine days to three weeks. The city submitted an affidavit of an assistant city prosecutor to the effect that the procedure

described in the plaintiffs' affidavits was no longer followed. According to the city's affidavit, procedure as of January, 1973 required an officer to view an allegedly obscene film and discuss his observation with a city prosecutor who then decides whether a warrant should be requested for the offender. If a warrant issues, it is served and one copy of the film or print is seized incident to the arrest, and the case is set for hearing within 24 to 48 hours after the arrest takes place.

This procedure was considered in City of Kansas City v. O'Connor, supra. The court found that the city's procedure "comports favorably with the [United States Supreme] Court's requirements [in Heller v. New York, 413 U.S. 483, 93 S.Ct. 2789, 37 L.Ed.2d 745 and Roaden v. Kentucky, 413 U.S. 496, 93 S.Ct. 2796, 37 L.Ed.2d 757]." The trial court's finding in this case on this issue was not erroneous.

Judgment affirmed.

HIGGINS, C., concurs.

PER CURIAM:

The foregoing opinion by WELBORN, C., is adopted as the opinion of the Court.

BARDGETT, P. J., and HOLMAN, J., concur.

SEILER, J., concurs in result in separate concurring opinion filed.

SEILER, Judge (concurring in result).

As pointed out in the principal opinion, the Kansas City obscenity ordinance was recently held constitutional by this court en banc in Kansas City v. O'Connor, 510 S. W.2d 689 (Mo. banc 1974). Hence, no useful purpose would be served by again expressing my dissent and causing the present case to be transferred to the court en banc for reiteration of what has already been said.

However, I think it should be pointed out that the attempted definition of obscenity in the Kansas City ordinance is much broader than can constitutionally be sustained, either under the First and Fourteenth Amendments or under Art. I, Sec. 8 of the 1945 Missouri Constitution, V.A.M.S. The ordinance provides that "Material is obscene if, considered as a whole, its predominant appeal is to prurient interest, that is, a shameful or morbid interest, in nudity, sex or excretion, and if in addition it goes beyond customary limits of candor in describing or representing such matters."

Two recent United States Supreme Court decisions, Jenkins v. Georgia, 418 U.S. 153, 94 S.Ct. 2750, 41 L.Ed.2d 640 and Hamling v. United States, 418 U.S. 87, 94 S.Ct. 2887, 41 L.Ed.2d 590 both decided June 24, 1974, state without equivocation that *"no one will be subject to prosecution* for the sale or exposure of obscene materials [unless these materials] depict or describe patently offensive 'hard core' sexual conduct" (emphasis added).

The Kansas City ordinance attempts to go much further than that. If it were not for Jenkins v. Georgia, supra, it would be illegal to show "Carnal Knowledge" (which the critics named as one of the ten best films of 1971) in Kansas City as it involves nudity and sex, which is all that would be needed to establish a predominant appeal to prurient interest going beyond customary limits of candor, as shown by the verdict of the jury in the Jenkins case. Thanks to the United States Supreme Court, "Carnal Knowledge" can now be shown in Kansas City, but not because the Kansas City ordinance is not broad enough to prohibit it. The ordinance clearly attempts to bar material which does not come close to being hard core sexual conduct and thus restricts more than the federal or Missouri constitutions allow. Yet the principal opinion finds no fault with it.

It is unfortunate that the Kansas City ordinance continues to be a vehicle for officials to censor that which they find distasteful; it is equally unfortunate that this court is willing to make a case by case determination with respect to each book, film, play, or utterance which comes before us on the issue of obscenity. And our determination of what is and what is not obscene will be based, in actuality, on our own personal notions of "offensiveness" because there is no adequate definition of "hard core" sexual conduct.

Not only is the court a victim of the uncertainty engendered by the ordinance, but those persons potentially liable under the ordinance cannot know with any degree of certainty whether or not they are committing a crime until a majority of this court declares the material in question to be obscene. The usual statutory crime such as burglary, to take a common example, consists of specific conduct which, when accompanied by the requisite mental state, constitutes an illegal act. But the crime of exhibiting or distributing obscene material depends ultimately upon what a majority of this court subjectively finds offensive. Nor can any number of interpretive decisions provide adequate guidelines, for each book or film or picture is unique unto itself when taken as a whole.

With these reservations and under compulsion of Kansas City v. O'Connor, supra, I reluctantly concur in the result reached in the principal opinion.