as a petition for writ of certiorari, certiorari denied.

No. 74–985. S. S. & W., Inc., et al. v. Kansas City et al. Appeal from Sup. Ct. Mo. dismissed for want of substantial federal question.

Mr. Justice Brennan, with whom Mr. Justice Stewart and Mr. Justice Marshall join, dissenting.

Appellants, operators of adult theaters and book stores, commenced this action in the Circuit Court of Missouri, Sixteenth Judicial District, for a declaratory judgment that Kansas City's obscenity ordinance, §§ 26.141 to 26.-144, is unconstitutional. Section 26.142 provides in pertinent part as follows:

"No person shall knowingly:

"(a) Sell, deliver or provide, or offer or agree to sell, deliver or provide, any obscene writing, picture, record or other representation or embodiment of the obscene; or

. . . . .

"(c) Publish, exhibit or otherwise make available any obscene material; or

"(d) Possess any obscene material for the purpose of sale or other commercial dissemination . . . ."

"Obscene" is defined in § 26.141, which provides:

"Material is obscene if, considered as a whole, its predominant appeal is to prurient interest, that is, a shameful or morbid interest, in nudity, sex or excretion, and if in addition it goes beyond customary limits of candor in describing or representing such matters."

The Circuit Court found the ordinance valid and denied relief. The Supreme Court of Missouri affirmed. 515 S. W. 2d 487.

It is my view that "at least in the absence of distribution to juveniles or obtrusive exposure to unconsenting adults, the First and Fourteenth Amendments prohibit the State and Federal Governments from attempting wholly to suppress sexually oriented materials on the basis of their allegedly 'obscene' contents." *Paris Adult Theatre I* v. *Slaton,* 413 U. S. 49, 113 (1973) (BRENNAN, J., dissenting). It is clear that, tested by that constitutional standard, § 26.142, as it incorporates the definition of "obscene" in § 26.141, is unconstitutionally overbroad and therefore invalid on its face. For the reasons stated in my dissent in *Miller* v. *California,* 413 U. S. 15, 47 (1973), I would therefore note probable jurisdiction, and, since the judgment of the Supreme Court of Missouri was rendered after *Miller,* reverse. In that circumstance, I have no occasion to consider whether the other questions presented merit plenary review. See *Heller* v. *New York,* 413 U. S. 483, 494 (1973) (BRENNAN, J., dissenting).