**STATE of Missouri, Respondent,**

v.

**XLNT CORPORATION, Appellant.**

**No. KCD 27315.**

Missouri Court of Appeals,
Kansas City District.

March 29, 1976.

Motion for Rehearing and/or Transfer
Denied May 3, 1976.

Application to Transfer Denied
June 14, 1976.

Thomas W. Tierney, Kansas City, for appellant.

Ralph L. Martin, Pros. Atty., Robert Frager, Asst. Pros. Atty., Kansas City, for respondent.

Before TURNAGE, P. J., and WELBORN and HIGGINS, Special Judges.

ANDREW JACKSON HIGGINS, Special Judge.

Appeal from conviction of possessing an obscene movie film with intent to circulate same in violation of Section 563.280, RSMo 1969. The questions are whether the information was so fatally defective as to have required its dismissal; and whether proof of defendant's identity as perpetrator of the alleged crime was insufficient as to have required a directed verdict. Affirmed.

The information charged that "XLNT Corporation, d/b/a Old Chelsea Theatre" on the 10th day of December, 1973, at the County of Jackson, State of Missouri, "did then and there unlawfully, knowingly and intentionally have in its possession with intent to sell, publish and circulate same, a certain obscene movie film, to-wit: THE DEVIL IN MISS JONES."

Appellant argues that the information is fatally defective because it charges as criminal an act which is beyond those forbidden by the statute in that possession with intent to "publish" is nowhere proscribed, and, since it depends upon interpretation of "the generic term 'obscene,'" it fails to describe the nature of the accusation with sufficient particularity to permit a defendant to defend against the charge.

Section 563.280, supra, provides:

"Every person who knowingly shall * * * have in his possession, with intent to sell or circulate * * * any obscene, lewd, licentious, indecent or lascivious * * * picture, * * * article or other publication of indecent, immoral or scandalous character, * * * shall, on conviction thereof, be fined * * * *."

Both of appellant's arguments stem from the proposition in *State v. Kesterson,* 403

S.W.2d 606, 609[1] (Mo.1966): "Generally, it is permissible and sufficient for an indictment * * * to charge the offense in the language of the statute alleged to be violated if the statute sets forth all the constituent elements of the offense. * * * However, there are qualifications of this rule. * * * 'Such is not the case if the statute creating the offense uses generic terms in defining the offense and does not individuate the offense with such particularity as to notify the defendant of what he or she is to defend against.'" With respect to the qualification, see also *State v. Hasler,* 449 S.W.2d 881, 884, 885 (Mo.App.1969); *Miller v. California,* 413 U.S. 15, 23, 24, 25–27, 93 S.Ct. 2607, 37 L.Ed.2d 419 (1973).

■ A comparison of the charge and the statute demonstrates that the charge is in the language of the statute in compliance with the general rule, *State v. Kesterson,* supra, and reflects a charge that defendant did have a certain obscene movie film in its possession with intent to sell, publish, or circulate same. "Publish" is synonymous with the statutory words "sell" and "circulate," e. g., "a book * * * is published only when it is offered for sale, or put into general circulation * * *." Webster's New International Dictionary, 2d Ed., p. 2006. Thus, the word "publish" added to this information in context with "sell" and "circulate" is at most surplusage and does not invalidate the information. Rule 24.11, V.A.M.R.; *State v. White,* 408 S.W.2d 31 (Mo.1966).

■ As demonstrated, the information is couched in terms of Section 563.280, supra, and, as recognized by appellant, the statute is not overly broad or impermissibly vague. *State ex rel. Wampler v. Bird,* 499 S.W.2d 780 (Mo.1973); *State ex rel. Martin v. XLNT Corp.,* 525 S.W.2d 616, 620, 621[2] (Mo.App.1975). See *Kansas City v. O'Connor,* 510 S.W.2d 689 (Mo. banc 1974); *S. S. & W., Inc. v. Kansas City,* 515 S.W.2d 487 (Mo.1974); *S. S. & W., Inc. v. Kansas City,* 421 U.S. 925, 95 S.Ct. 1650, 44 L.Ed.2d 83 (1975). " * * * It is generally sufficient that an indictment set forth the offense in the words of the statute itself, as long as 'those words of themselves fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offence intended to be punished.' * * * The definition of obscenity, however, is not a question of fact, but one of law; the word 'obscene,' * * * is not merely a generic or descriptive term, but a legal term of art. * * * it is a term sufficiently definite in legal meaning to give a defendant notice of the charge against him * * *." *Hamling v. United States,* 418 U.S. 87, 117–118, 94 S.Ct. 2887, 2907–2908, 41 L.Ed.2d 590 (1974).

■ State's Exhibit 1 showed that XLNT Corporation commenced perpetual existence April 13, 1972; and insofar as the transcript in this case shows, such perpetual duration of XLNT Corporation has not been terminated by dissolution, forfeiture, or otherwise. Chapter 351, RSMo 1969, V.A.M.S. State's Exhibit 15 showed that on April 5, 1972, "XLNT Corp. (Articles Applied For)" applied to the City of Kansas City for a "Theater (Motion Picture)" permit at 1228 Broadway and stated its trade name to be "Old Chelsea Theater." Deputy Sheriff Rex McGraw and Sheriff William Kenneth Carnes viewed the movie in question shown by Old Chelsea Theater at 1228 Broadway, Kansas City, Missouri, December 10, 1973; and defense witness Carl Crider viewed the movie shown by Old Chelsea Theater February 13, 1974, while trial was in progress. Such evidence was sufficient to identify and permit the jury to find that defendant XLNT Corporation doing business as Old Chelsea Theater possessed "The Devil In Miss Jones" with intent to sell and circulate same on December 10, 1973. (Appellant does not question the factual and legal determination that The Devil In Miss Jones was obscene.)

Judgment affirmed.

All concur.