Dear Representative Nilges:
You have asked whether the provisions of Senate Bill 835 as approved by the Governor in June of 1980 granting state assistance to nonpublic private corporations violates the provisions of Article III, § 38(a) of the Missouri Constitution (or any other statute or part of the constitution) allowing the use of state funds or credit to private persons.
In the alternative you have asked if the production of educational television is a public purpose within the meaning of the constitution so as to be eligible for state funding.
This is essentially the same question, that is, whether the statute in question is unconstitutional. The statute is now § 37.200, et seq. of the Revised Statutes.
The courts of Missouri have consistently held that Missouri statutes are presumed to be constitutional and that a burden exists on any person to prove that a statute is unconstitutional. There is a strong presumption that the legislature did not act in violation of the constitutional law of the state. Typical of cases holding this presumption exists are the following: Stateex rel. McClellan v. Godfrey, 519 S.W.2d 4 (Mo. banc 1975);State ex rel. Farm Electric Coop., Inc. v. State EnvironmentalImprovement Authority, 518 S.W.2d 68 (Mo. banc 1975); State v.McQueen, 378 S.W.2d 449 (Mo. banc 1964); State v. Gunn,326 S.W.2d 319 (Mo. banc 1959); and Wiles v. Williams, 133 S.W. 1
(Mo. 1910). Following these decisions, the statute in question would be presumed to be constitutional. Further, this office is not empowered to declare a statute unconstitutional. Rather, it is the responsibility of this office to defend the constitutionality of statutes that are challenged in the courts.
Therefore, it is the position of this office, which it is prepared to defend in the courts, that the statute is valid and constitutional.
Sincerely,
 JOHN ASHCROFT Attorney General