COPE, Judge
(specially concurring).
I concur in the judgment but do not join the majority opinion.
In 1974 the United States Court of Appeals for the Fifth Circuit held the Florida disorderly conduct statute unconstitutional because, as interpreted by Florida courts in previous years, the statute was susceptible of application to speech protected by the First Amendment. Wiegand v. Seaver, 504 F.2d 303 (5th Cir.1974), cert. denied and appeal dismissed, 421 U.S. 924, 95 S.Ct. 1650, 44 L.Ed.2d 83 (1975). In so doing the Fifth Circuit noted that the Florida courts had not given the statute a definitive narrowing construction which would limit its application solely to unprotected expression. Id. at 306.
In response the Florida Supreme Court adopted a narrowing construction of the statute. State v. Saunders, 339 So.2d 641, 643 n. *219 6 (Fla.1976). The Florida Supreme Court stated:
[W]e now limit the application of Section 877.0SL Florida Statutes,] so that it shall hereafter only apply either to words which “by their very utterance .. inflict injury or tend to incite an immediate breach of the peace,” White v. State, 330 So.2d [3, 7 (Fla.1976) ]; see Chaplinsky v. New Hampshire, 315 U.S. 568, 572, 62 S.Ct. 766, 86 L.Ed. 1031 (1942); or to words, known to be false, reporting some physical hazard in circumstances where such a report creates a clear and present danger of bodily harm to others. We construe the statute so that no words except “fighting words” or words like shouts of “fire” in a crowded theatre fall within its proscription, in order to avoid the constitutional problem of overbreadth, and “the danger that a citizen will be punished as a criminal for exercising his right of free speech.” Spears v. State, 337 So.2d [977, 980 (Fla.1976)]. With these two exceptions, Section 877.03 should not be read to proscribe the use of language in any fashion whatsoever. To this extent, we modify our previous decisions construing the statute.
339 So.2d at 644 (footnote omitted).[1]
In recognition of the foregoing authority, the State has argued on this appeal solely that the words used by L.A.T. were “fighting words.” I agree that on the record made in this case, the words do not qualify as “fighting words.”
It would be a different matter if L.A.T. had physically interfered with the work of the officers, in which case he could be charged under an appropriate statute. See § 843.02, Fla.Stat. (1993). Similarly, in my view L.A.T. could be charged under section 843.02 if he had positioned himself in proximity to the officers and then screamed so as to interfere with the ability of the officers to communicate with each other and with witnesses. See id.[2] Clearly, L.A.T. can be required to move away from where the officers are working, failing which L.A.T. would be chargeable under the obstruction statute.
The only argument offered by the State to sustain this appeal is that the words were “fighting words.” That being so, we must reverse the adjudication of delinquency.

. The statute was reenacted by Chapter 86-174, Laws of Florida. See id. § 2, at 1198.

. No argument has been made that L.A.T. was himself the subject of a lawful investigatory stop after the arrest of his companion.