Paul C. Wilson, Judge,
dissenting
Plaintiffs Sarah Tupper and Sandra Thurmond are not entitled to bring this declaratory judgment action. They each had an adequate remedy at law because they could have raised their claims in response to the City’s prosecutions in the municipal division of the circuit court. Schaefer v. Roster, 342 S.W.3d 299, 300 (Mo. banc 2011). The principal opinion seeks to avoid the controlling effect of Schaefer by noting that the City dismissed Plaintiffs’ prosecutions. I disagree.
It is true that, when the City dismissed those cases, Plaintiffs lost their adequate remedies at law. But the City’s dismissals also removed any “justiciable controversy that presents a real, substantial, presently-existing controversy admitting of specific relief, as distinguished from an advisory decree upon a purely hypothetical situation!;.]” Missouri Soybean Ass’n v. Missouri Clean Water Com’n, 102 S.W.3d 10, 25 (Mo. banc 2003) (internal quotations omitted). If the City reinstitutes a prosecution against one or both for these same violations, they will be entitled to assert their defenses there. If not, there is no “presently-existing controversy” between them and the City that requires (and is subject to) specific declaratory relief. Accordingly, Plaintiffs’ petition for declaratory judgment should be dismissed.
Foster v. State, 352 S.W.3d 357, 360 (Mo. banc 2011), cited by the principal opinion, *377 confirms this conclusion. There, this Court held that a pre-enforcement declaratory judgment action was not sufficiently factually developed and, therefore, not ripe for adjudication, where the plaintiff had not alleged that he would engage in conduct that could trigger enforcement of the act in the future. The same is true here: Tupper has alleged no plans to run red lights in the future and can claim no legal entitlement to do so. Like Foster, this case is not one in which “(1) ‘the facts necessary to adjudicate the underlying claims [are] fully developed’ and (2) ‘the laws at issue [are] affecting the plaintiffs in a manner that [gives] rise to an immediate, concrete dispute.’ ” Foster, B52 S.W.3d at 360; Principal Opinion at 370.
To avoid application of this well-settled law, the principal opinion cites State ex rel. Eagleton v. McQueen, 378 S.W.2d 449, 452 (Mo. banc 1964), and Star-Whip Sales Co. v. City of St. Louis, 307 S.W.2d 495, 498 (Mo.1957). Neither is relevant here. McQueen involved an unconstitutional chilling effect on protected conduct. McQueen, 378 S.W.2d at 452. In Star-Whip, too, the plaintiff needed declaratory relief because there was a “very real dispute going to the right of appellant to maintain its business as in the past[.]” Sta-Whip, 307 S.W.2d at 498. Plaintiffs do not claim a right to engage in traffic violations in the future. Instead, their claims relate solely to the City’s ability to prosecute their past violations. Such claims do not warrant declaratory judgment under McQueen or Star-Whip and should be dismissed under Schaefer.
Plaintiffs will not be prejudiced by dismissal of this action. If the City prosecutes them for alleged violations in the past, Plaintiffs will be able to assert their claims in defense of those prosecutions. If the City foregoes further prosecution, Plaintiffs have no need for a declaratory judgment because they have no presently existing controversy with the City. Either way, they are not entitled to maintain this present action.